Renate DAHMEN and Helmut Dahmen, Plaintiffs-Respondents,

v.

AMERICAN FAMILY MUTUAL INSURANCE CO., Defendant-Appellant.

Court of Appeals

*No. 00–1232. Submitted on briefs April 6, 2001.—Decided August 1, 2001.*

2001 WI App 198

(Also reported in 635 N.W.2d 1.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James T. Murray, Jr., Timothy J. Pike,* and *Michael J. Wirth* of *Peterson, Johnson & Murray, S.C.* of Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Adrian P. Schoone, Mark J. Leuck,* and *Chris G. Halverson* of *Schoone, Fortune, Leuck, Kelly & Pitts, S.C.* of Racine.

Before Nettesheim, P.J., Brown and Snyder, JJ.

¶ 1. NETTESHEIM, P.J. American Family Mutual Insurance Co. appeals from a nonfinal order[1] denying its motion to bifurcate the trial of the two claims made against it by the respondents, Renate and Helmut Dahmen. The Dahmens' first claim is for underinsured motorist (UIM) benefits under a policy issued by American Family to the Dahmens. Their second claim alleges bad faith by American Family in denying their request for UIM benefits. American Family contends that the trial court erred in denying its motion to bifurcate the Dahmens' claims and stay discovery on the bad faith claim pending the resolution of the UIM claim. We agree. Because of the risk of prejudice and jury confusion inherent in litigating a claim of bad faith with an underlying claim for UIM benefits, we conclude that the trial court erred in denying American Family's motion to bifurcate these claims and stay discovery. We therefore reverse the trial court's order.

---

[1] On September 12, 2000, we granted American Family's petition for leave to appeal.

## Background

¶ 2. The issues in this case stem from an automobile accident that occurred on September 5, 1998. A vehicle operated by Renate was struck by another vehicle operated by Roger Doyle. At the time of the collision, Doyle had an insurance policy that provided damage liability limits in the amount of $50,000. The Dahmens' automobile insurance policy with American Family provided UIM coverage with limits of liability of $150,000 per person and $300,000 per accident.

¶ 3. Following the accident, the Dahmens filed a claim with Doyle's insurance carrier alleging that Doyle's negligence caused the accident. Doyle's insurance carrier later offered to settle the matter for Doyle's policy limit. In correspondence to the Dahmens' attorney dated August 27, 1999, American Family confirmed that the Dahmens could accept Doyle's insurance carrier's policy limits in exchange for a full and final release of Doyle and his insurance carrier. American Family also informed the Dahmens' attorney that American Family would require a consultant review of Renate's medical records before evaluating a claim for UIM coverage benefits under her American Family policy. Subsequently, on September 2, 1999, the Dahmens accepted the policy limit of $50,000 from Doyle's insurance carrier in settlement of their claims against him and his insurance carrier. The Dahmens then made a claim for UIM coverage benefits from their insurer, American Family.

¶ 4. On December 30, 1999, American Family denied the Dahmens' claim for UIM coverage benefits based on its determination that the payment from Doyle's insurance carrier and American Family's waiver of its medical expense lien of approximately $4000 had

adequately compensated Renate for her injury. In support of its denial, American Family indicated that its "consultant" had advised that Renate's accident-related injury had resolved by June 3, 1999, and that any ongoing medical care should be ascribed to her preexisting condition and not to the automobile accident. Shortly thereafter, on January 4, 2000, the Dahmens' attorney demanded copies of the consultant review of Renate's medical records from American Family. American Family refused to provide this information to the Dahmens.

¶ 5. On February 4, 2000, the Dahmens filed the instant action raising two claims against American Family. The first claim is for UIM coverage benefits sufficient to cover all claims and damages in excess of $50,000 caused by the automobile accident. The second claim alleges that American Family acted in bad faith in denying the Dahmens' claim for UIM coverage benefits. The Dahmens seek compensatory and punitive damages. American Family's answer denied that the Dahmens' damages resulting from the accident exceeded $50,000 and denied any failure to act in good faith in evaluating the Dahmens' UIM claim.

¶ 6. On March 6, 2000, American Family filed a motion to bifurcate the Dahmens' UIM and bad faith claims. In support of its motion, American Family argued that trying the bad faith claim in conjunction with the UIM claim would "unfairly prejudice American Family's ability to defend itself against the UIM claim by demanding the production of privileged information which otherwise would most certainly not be discoverable in a typical UIM case." The Dahmens opposed American Family's motion arguing that it lacked sup-

porting evidence and that bifurcation would be unfair to the Dahmens and would unduly increase their litigation expenses.[2]

¶ 7. The trial court heard oral arguments pertaining to American Family's motion on April 17, 2000. At the close of the hearing, the trial court denied American Family's motion finding that the benefits of allowing the Dahmens to litigate their claims in one trial outweighed any potential prejudice to American Family, noting that the form of the verdict and the jury instruction could sufficiently remedy any prejudice. The trial court also noted that it would consider any request made by American Family for a protective order of privileged materials if necessary. In a written order filed on April 26, 2000, the trial court set forth the following reasoning:

> [T]he issues and facts that would need to be tried in the claim for [UIM] benefits would be substantially the same as many of the facts and issues presented for trial in the claim for bad faith. . . . [A]ny potential prejudice to American Family by proceeding with both claims in one trial would be outweighed by the considerations of judicial economy, avoid delay and duplication of time and expense. The issues are not so complex that they would be unduly confusing or difficult for a jury.

American Family appeals.

### *Discussion*

¶ 8. At the outset, we note that the Dahmens' coverage under their UIM policy is not at issue in the

---

[2] The Dahmens additionally argued that American Family acted in bad faith and that it had breached its fiduciary duties to the Dahmens. Understandably, the trial court did not address these arguments in its ruling as these are factual issues for the jury to decide.

underlying action now pending before the trial court. American Family does not dispute that Renate's automobile accident is covered by her UIM policy. Rather, American Family's position is that the Dahmens' damages did not exceed the $50,000 coverage limit of the underlying policy and, therefore, they are not entitled to benefits under their UIM policy. The Dahmens claim that their damages exceed the underlying policy limits and, therefore, American Family is liable for the remaining amount. The Dahmens additionally claim that American Family acted in bad faith in denying their claim for UIM benefits.

¶ 9. We begin by acknowledging the supreme court's recent decision in *Waters v. Pertzborn*, 2001 WI 62, 243 Wis. 2d 703, 627 N.W.2d 497.[3] In *Waters*, the court confirmed that only claims, not issues, are subject to bifurcation under Wis. Stat. § 805.05(2) (1999–2000).[4] *Waters*, 2001 WI 62 at ¶¶ 18–24. Here, we deal with separate claims, not issues. We do note, however, that the legislative history of this statute reveals that the rule barring bifurcation of issues *does not apply to issues regarding insurance coverage. Id.* at ¶¶ 21, 23.

¶ 10. The appellate issues are limited to the claims of bifurcation and the stay of discovery.[5] American Family argues that the trial court's failure to

---

[3] We placed this case on hold pending the supreme court's decision in *Waters v. Pertzborn*, 2001 WI 62, 243 Wis. 2d 703, 627 N.W.2d 497.

[4] All references to the Wisconsin Statutes are to the 1999–2000 version.

[5] We therefore will not address the Dahmens' appellate arguments pertaining to whether American Family violated its fiduciary duties to the Dahmens or whether American Family acted in bad faith in denying the Dahmens' claim for UIM

bifurcate the Dahmens' claim for UIM benefits from its claim of bad faith and its refusal to stay discovery will likely result in irreparable prejudice and, contrary to, the trial court's findings, will not promote judicial economy. The Dahmens contend that they will bear additional litigation expenses if their claims are bifurcated. The Dahmens also argue that American Family will not be prejudiced if discovery is not stayed and the claims are tried together unless it acted in bad faith and, hence, has something to hide.

¶ 11. A trial court's authority to bifurcate claims for trial is derived from the language of WIS. STAT. §§ 906.11 and 805.05(2). The former authorizes a trial judge to exercise reasonable control over a trial to ensure the ascertainment of truth, to avoid needless consumption of time, and to protect witnesses. The latter provides in relevant part, "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition or economy . . . may order a separate trial of any claim . . . always preserving inviolate the right of trial in the mode to which the parties are entitled." Sec. 805.05(2). In making its decision, the trial court must consider the potential prejudice to the parties, the complexity of the issues, the potential for jury confusion and the issues of convenience, economy and delay. *See Hoffman v. Merrell Dow Pharm., Inc.*, 857 F.2d 290, 306–08 (6th Cir. 1988). This bifurcation decision is addressed to the trial court's discretion. *See Muchow v. Goding*, 198 Wis. 2d 609, 628, 544 N.W.2d 218 (Ct. App. 1995). Likewise, the decision whether to stay discovery is committed to the

---

benefits. These are factual matters to be determined by the jury and are irrelevant to the appellate issues.

trial court's discretion. *Konle v. Page*, 205 Wis. 2d 389, 393, 556 N.W.2d 380 (Ct. App. 1996). We will not reverse the trial court's decision unless it is clearly shown that the trial court failed to consider the relevant facts, apply the proper standard of law and reach a conclusion a reasonable judge could reach. *Loy v. Bunderson*, 107 Wis. 2d 400, 414–15, 320 N.W.2d 175 (1982).

¶ 12. American Family first contends that the bifurcation of the Dahmens' claims and the stay of discovery are necessary to prevent irreparable prejudice. American Family's concerns are rooted in the discovery process. A claim for UIM benefits is separate and distinct from a claim of bad faith. *See Anderson v. Cont'l Ins. Co.*, 85 Wis. 2d 675, 686, 271 N.W.2d 368 (1978) (bad faith conduct by an insurer towards its insured is a tort separate and apart from any breach of contract). The evidence necessary to support a claim of bad faith is very different from that necessary to support a claim for UIM benefits. While the Dahmens' claim for UIM coverage will turn on the amount of their damages, a claim of bad faith will examine American Family's handling of the Dahmens' UIM claim.[6]

¶ 13. In litigating a claim of bad faith, the Dahmens will be entitled to discovery of American Family's work product and attorney/client material containing information relevant as to how the Dahmens' claim was

---

[6] In order to show bad faith against an insurer, the plaintiff "must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Anderson v. Cont'l Ins. Co.*, 85 Wis. 2d 675, 691, 271 N.W.2d 368 (1978). The jury is able to "consider whether [the plaintiff's] claim was properly investigated, and whether the results of the investigation were given a reasonable evaluation and review." Wis JI—Civil 2761.

handled. This information would include American Family's internal determination to deny benefits, its evaluation as to how a jury may value the Dahmens' claim and its approach to settlement. This information would not be available to the Dahmens if they were proceeding solely on a claim for UIM benefits.

¶ 14. American Family argues that the discovery of this information will prevent it from fairly defending the underlying contract claim and that presentation of this information at trial will irreparably confuse and prejudice the jury. It also contends that the discovery of information related to the bad faith claim will interfere with settlement negotiations on the underlying claim for UIM benefits.

¶ 15. While WIS. STAT. § 805.05(2) authorizes the trial court to bifurcate claims, there is no law in Wisconsin as to whether, as a matter of policy, a trial court should do so when presented with a claim of bad faith and an underlying claim for UIM benefits. American Family points to other jurisdictions that have spoken to the difficulty of addressing a bad faith claim with an underlying claim against the same defendant in a single trial. These courts have been reluctant to allow discovery on the bad faith claim until the coverage issue has been determined. *See Allstate Ins. Co. v. Swanson*, 506 So. 2d 497, 498 (Fla. Dist. Ct. App. 1987); *Marsillo v. Nat'l Surety Corp.*, 112 F.R.D. 692, 697 (D. Mont. 1986); *Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 457–58 (Tex. 1982). The court in *Blackmon* observed, "[I]f a plaintiff attempting to prove the validity of a claim against an insurer could obtain the insurer's investigative files merely by alleging the insurer acted in bad faith, all insurance claims would

contain such allegations."[7] *Id.* at 457–58. Similarly, in *Swanson*, the court noted that if a claim for bad faith is prosecuted simultaneously with an underlying coverage claim, the discovery rule could be circumvented by simply combining the two causes of action. *Swanson*, 506 So. 2d at 498.[8]

¶ 16. We recognize that, unlike the case at bar, the cases cited by American Family each involved a dispute as to the insurer's liability for coverage whereas here the underlying claim relates to damages only. Nevertheless, the cases are instructive as to the risk of prejudice to the insurance carrier when discovery proceeds on a bad faith claim while an underlying claim against the same defendant remains unresolved. WISCONSIN STAT. § 805.05(2) provides that a trial court may order a separate trial "always preserving inviolate the right of trial in the mode to which the parties are entitled." The bifurcation of the Dahmens' claims accomplishes this.

---

[7] The Dahmens dismiss the concern that attorneys will gain access to information otherwise protected by work product and attorney/client privileges by simply adding a claim for bad faith to an underlying contract claim. The Dahmens believe that Wisconsin law governing frivolous claims, *see* WIS. STAT. § 814.025, will sufficiently deter attorneys from doing so. We are not so optimistic. The test for frivolousness is extremely stringent. Frivolousness exists only when there is *no* reasonable basis for a claim and all doubts are resolved in favor of the attorney. *Atkinson v. Mentzel*, 211 Wis. 2d 628, 648, 566 N.W.2d 158 (Ct. App. 1997).

[8] The Dahmens additionally argue that *Allstate Insurance Co. v. Swanson*, 506 So. 2d 497 (Fla. Dist. Ct. App. 1987), is inapplicable because it involved a simple claim of nonpayment whereas they have "specific and well-founded claims of bad faith." The Dahmens overlook that whether they have a well-founded claim of bad faith remains to be determined by the jury.

American Family is entitled to the same discovery protections and privileges enjoyed by other litigants.

¶ 17. In addition, we are not satisfied that the use of properly drafted jury instructions and a special verdict will sufficiently remedy the prejudice that would likely result if the two claims are litigated in a single trial. Even though the evidence relevant to the bad faith claim is wholly unrelated to the underlying claim for UIM benefits, the evidence on the two issues will likely overlap. Even the best-intentioned and properly instructed jury might not maintain the discipline to discern between the two claims. As a result, the risk for jury confusion and prejudice to American Family is substantial.

¶ 18. We also are perplexed by the trial court's statement that American Family's discovery concerns might be addressed by protective orders. If issued, such orders would clash with the trial court's ruling denying bifurcation. If the two claims are to be tried together, the Dahmens would be entitled to full and effective discovery as to both claims.

¶ 19. We also conclude that bifurcation and a stay of discovery on the bad faith claim might well enhance, rather than defeat, the interests of judicial economy and possible settlement. If a jury finds that the Dahmens' injuries do not exceed the underlying policy limits, it would not be necessary to proceed with a trial on the claim of bad faith. And if the Dahmens are permitted to proceed with discovery on the bad faith claim, the information gleaned from such might well chill any motivation to settle the underlying claim.

### *Conclusion*

¶ 20. We conclude that the considerations bearing on the bifurcation decision weigh in favor of bifurcation for the following reasons: (1) the failure to bifurcate a claim of bad faith from an underlying claim for UIM benefits would significantly prejudice American Family; (2) the two distinct claims present differing evidentiary requirements that increase the complexity of the issues and the potential for jury confusion; and (3) a separate initial trial on the claim of UIM benefits increases the prospect of settlement and promotes economy by narrowing the issues for the jury and potentially eliminating the need for a later trial on the bad faith claim. We therefore conclude that the trial court erroneously exercised its discretion in denying American Family's motion to bifurcate the Dahmens' claims and to stay discovery. We reverse the trial court's order and remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.