**Comrie v. Atlantic States Insurance Co.**

*Kevin M. Conaboy*, for plaintiffs.
*Robert E. Smith*, for defendant.

ZULICK, *J.*, May 29, 2014—Plaintiffs Alexander Comrie III and Patricia Comrie have filed a complaint against defendant Atlantic States Insurance Company, (Atlantic States) seeking underinsured motorist benefits (UIM claim) in count I and damages for bad faith in the handling of their UIM claim pursuant to 42 Pa.C.S.A. §8371 in count II. Atlantic States has filed a motion to sever and stay the bad faith and breach of contract counts of the complaint. The case arises out of a motor vehicle collision which took place on August 4, 2010. Plaintiff Alexander Comrie III was driving a vehicle that was allegedly rear-ended by a vehicle driven by Alice Hendershot. Plaintiffs brought suit against Ms. Hendershot in this court at No. 6514 Civil 2011. At compulsory arbitration, plaintiffs were awarded $17,500. Plaintiffs appealed, and eventually sought consent to settle from Atlantic States. The case was then settled for $18,500. The settlement was for less than

the Hendershot $25,000 liability policy limit.

The Comries filed their complaint on October 15, 2013. Atlantic States responded with preliminary objections on January 21, 2014. Atlantic States then filed a motion to sever and stay the bad faith claim. Both parties briefed their respective positions on this question, and the matter was argued before the court on April 7, 2014.

## DISCUSSION

Atlantic States has moved to sever the breach of contract/UIM claim from the bad faith claim, and to stay the proceedings in the bad faith action until the UIM claim has been concluded. Pa.R.C.P. 213(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues.

Pa.R.C.P. 213(b). "The decision whether to sever or bifurcate under Rule 213(b) is entrusted to the discretion of the trial court, which is in the best position to evaluate the necessity for taking measures the rule permits. *Gallagher v. Pa. Liquor Control Bd.*, 584 Pa. 362, 883 A.2d 550, 557 (2007)," *Ball v. Bayard Pump & Tank Co., Inc.*, 67 A.3d 759,767 (Pa.2013). The trial court's severance of a cause of action should be "aimed at assuring efficiency and convenience, and avoiding prejudice...," *Id.* at 769.

The Comries object to severance of the UIM claim from their bad faith claim, contending that allowing both cases to proceed together will save judicial resources and avoid delay and expense. Atlantic States cites numerous

common pleas cases where severance has been ordered. The Comries' UIM claim and the bad faith claim both arise from the collision of the Hendershot and Comrie vehicles and the insurance coverage available to the Comries. The elements that must be proven in the two causes of action, however, are quite different.

The purpose of uninsured/underinsured coverage is to enable the insured to recover under his policy of insurance for damages for which the negligent motorist is legally liable. *Aetna Cas. & Sur. Co. v. Ilmonen*, 360 So.2d 1271 (Fla. App. 1978); J. Appelman, Insurance Law and Practice, § 5071.45, p. 102-103 and cases cited therein. *State Farm Mut. Auto. Ins. Co. v. Krewson*, 764 F.Supp. 1012, 1014 (E.D.Pa. 1991). The Pennsylvania Motor Vehicle Financial Responsibility Act provides:

(c) Underinsured motorist coverage.- Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefore from owners or operators of underinsured motor vehicles...

75 Pa.C.S.A. §1731(c).

Underinsured motorist claims are similar to third party claims because the contract of insurance sets them up that way:

The traditional insuring agreement contained in the Uninsured and/or Underinsured Motorist section of the policy provides that the insurer agrees to pay to the insured the amount that the insured would otherwise be legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle. Under

that insuring agreement, the amount of the benefits the insured is entitled to recover from the insurer is measured by the third party tort recovery the insured would have been entitled to from the tortfeasor if that tortfeasor had his own liability coverage (for uninsured motorist claims) or had enough such coverage (for underinsured motorist claims).

*Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1144 (Pa. Super. 2006) *appeal denied*, 590 Pa. 668, 912 A.2d 838 (2006).

The UIM provision in this case provides as follows:

UNDERINSURED MOTORIST COVERAGE-PENNSYLVANIA (NON-STACKED)

INSURING AGREEMENT

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury..."

Atlantic States brief.

The right to recover under a UIM endorsement is "derivative and conditional" and, consequently, any defense available to the alleged tortfeasor is also available to the insurer. *Brace v. Strother*, 90 N.C.App. 357, 360, 368 S.E.2d 447, 449, *disc. Review denied*, 323 N.C. 171,373 S.E.2d 104 (1988), *overruled on other grounds, Ragan v. Hill*, 337 N.C. 667, 447 S.E.2d 371 (1994). The UIM case then is very similar to a suit by the plaintiff against the tortfeasor.

The remedy for an insurer's bad faith conduct has been

codified at 42 Pa.C.S.A. § 8371, which provides:

§ 8371. Actions on insurance policies

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

The bad faith statute extends to the handling of UIM claims, despite their similarity to third party claims." Condio, *supra* at 1142.

To prove bad faith, a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim. *Terletsky v. Prudential Property and Casualty Insurance Company*, 649 A.2d, 680, 688 (Pa. Super. 1999). Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured. *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. 2000).

*Id.* at 1143. "[W]hen faced with a [UIM] claim, an insurance company's duty to its insured is one of good faith and fair dealing." *Id.* at 1145. *Rhodes v. USAA Cas. Ins. Co.*, 21 A.3d 1253, 1261 (Pa. Super. 2011).

While the UIM claim will be decided by a jury, the bad faith claim will be decided by the court. *See Mishoe v. Erie Ins. Co.*, 824 A.2d 1153 (Pa. 2003) (there is no right to a jury trial for a claim of bad faith arising out of 42 Pa.C.S.A. § 8371). If the cases were tried together, evidence of Atlantic State's bad faith in handling the claim would not be relevant for the jury's determination of UIM liability and damages. The handling of the claim occurred after the collision and had nothing to do with the collision itself. The Comries' evidence of the handling of their claim would be offered to reflect poorly on the insurer in the bad faith case and the UIM case if they were tried together. However, this evidence is not relevant in the UIM case. The UIM count will therefore be severed from the bad faith count and tried separately.

Atlantic States also requests a stay of discovery in the bad faith case until the UIM case has been concluded. It alleges that discovery sought in the bad faith claim will be prejudicial in defending the UIM claim, and it points to discovery requests already presented by the Comries. Those requests include requests for production of documents seeking:

-investigation reports prepared by Atlantic States' employees or investigators evaluating the Comries' claims and responding to their litigation. Plaintiffs' request for production no.5.

-all statements, memoranda, or records made by parties to this lawsuit or their representatives. *Id.*, no.9

-insurer's activity logs reflecting any communication between the insurer, its employees or adjusters with the insured party in this case. *Id.* no. 10.

The question of whether it is appropriate to stay discovery in this situation has not been yet been decided at the appellate level. Judge Lally Green commented on the issue in her dissent in *Gunn v. Auto. Ins. Of Hartford Conn.*, 971 A.2d 505 (Pa. Super. 2009):

> Bad faith actions explore the process by which the insurer handles the underlying claim. That process may commonly include reliance on privileged and otherwise-confidential information. The trial court's discovery order carries a significant risk that such information will be disclosed prematurely, before there is even an adverse ruling on the underlying claim. In my view, there would most often be no basis for a bad faith claim if the trial court rules in the insurer's favor on the underlying claim. Yet, insurers will be routinely compelled to disclose confidential material during the underlying litigation simply because the plaintiff chooses to raise a bad faith claim along with the UIM claim. As the Wisconsin Court of Appeals explained:

> In litigating a claim of bad faith, the [insured] will be entitled to discovery of [the insurer's] work product and attorney/client material containing information relevant as to how the [insured's] claim was handled. This information would include [the insurer's] internal determination to deny benefits, its evaluation as to how a jury may value the [insured's] claim and its approach to settlement. This information would not be available to the [insured] if they were proceeding solely on a claim for UIM benefits. *Dahmen v. Am. Family Mut. Ins. Co.*, 2001 WI App 198, 247 Wis.2d 541, 635 N.W.2d 1,5 (Ct. App. 2001).

> I am also concerned that insurers will be forced into

unfair settlements as a result of having to litigate and provide discovery on both claims at the same time. These concerns go beyond the individual parties before this court. Indeed, they implicate the handling of all UIM/ bad faith claims litigated concurrently in Pennsylvania.

*Id.* at 513.

## ORDER

And now, this 29th day of May, 2014, upon consideration of defendant's motion to sever and stay, the motion shall be granted pursuant to P.R.C.P. 213, and it is ordered as follows:

1. The UIM claim in count I is severed from the bad faith claim in count II.

2. Further pleadings, discovery and trial in the bad faith claim in count II are stayed pending settlement or verdict or further order in the UIM claim in count I.

3. A status conference is scheduled for the 14th day of July, 2014 at 9:00 o'clock a.m., in chambers, Monroe County Courthouse, Stroudsburg, Pennsylvania to establish a discovery and trial schedule for the UIM portion of the case or counsel may submit a stipulation providing for a discovery and trial schedule.