524 A.2d 1063

Jane Doe *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Dr. Lillian Meyers and Dr. Duncan Campbell and Kevin Cooper. Commonwealth of Pennsylvania, Department of Public Welfare, Dr. Lillian Meyers and Dr. Duncan Campbell, Appellants.

Argued November 18, 1986, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Frank J. Micale,* Sr. Deputy Attorney General, with him, *Mark E. Garber,* Chief, Tort Litigation Unit, *John G. Knorr, III,* Sr. Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for appellants.

*E. J. Strassburger, Strassburger, McKenna, Gutnick & Potter,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 27, 1987:

The Commonwealth, Department of Public Welfare (Department), Dr. Lillian Meyers and Dr. Duncan Campbell, appeal an Allegheny County Common Pleas Court order compelling the production of documents. Jane Doe has filed a motion to quash this appeal. The merits of the trial court order and the motion to quash are both before us at this time.

Doe brought a personal injury action against the Department and Drs. Meyers and Campbell of Mayview State Hospital (Mayview staff) after an escapee from Mayview abducted and raped her. In connection with her negligence complaint, Doe sought, *inter alia,* two documents: (1) a memorandum from Dr. Meyers to Mayview's superintendent outlining the psychological status and chronology leading to the inmate's escape, and (2) a document known as a "Task Force Report," containing a retrospective analysis from several departments on the inmate's admission, background and escape. The Department and Mayview staff refused to produce these documents, claiming that the documents

were privileged and protected by Section 111 of the Mental Health Procedures Act[1] and by the Peer Review Protection Act.[2]

The common pleas court, concluding the documents were not privileged, ordered production of these and other documents and directed in camera inspection to determine their relevancy.

Turning to the motion to quash, Doe asks this Court to dismiss the Department's appeal because the orders directing production of documents are interlocutory and non-appealable. Under Section 762(a)(1) of the Judicial Code, the Commonwealth Court has jurisdiction over appeals from final orders of the common pleas courts. 42 Pa. C. S. §762(a)(1). It has been said that a final order ends the litigation or disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 319 A.2d 677 (1974). Furthermore, in this Commonwealth, orders to parties directing responses are interlocutory and non-appealable. *See, e.g., Pennsylvania Human Relations Commission v. Jones & Laughlin Steel Corp.*, 483 Pa. 35, 394 A.2d 525 (1978) (appeal of Commonwealth Court order enforcing a subpoena to testify quashed).[3]

The Department and the Mayview staff concede this principle but argue that the order in this case falls into the "collateral order" exception to the rule that only final orders are appealable.

In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), the United States Supreme Court articulated the collateral order doctrine. To be appealable, an order, though not ending the litigation or dis-

---

[1] Act of July 9, 1976, P.L. 817, *as amended*, 50 P.S. §7111.

[2] Act of July 20, 1974, P.L. 564, *as amended*, 63 P.S. §§425.1-425.4.

[3] *See also Young v. Bradford County Telephone Co.*, 346 Pa. 90, 29 A.2d 533 (1943) (order directing discovery of documents).

posing of the case, must be separable from and collateral to the main cause of action; it must involve a right too important to be denied review; and the question presented must be such that if review is postponed until final judgment in the case, the claimed right will be irretrievably lost. This doctrine was recognized by our own Supreme Court in *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975), and it has been held that each of the three *Cohen* factors must be satisfied. *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985).

Other than *Steel v. Weisberg,* 347 Pa. Superior Ct. 106, 500 A.2d 428 (1985), where our Superior Court noted that an order compelling discovery of a person not party to the original complaint could *arguably* be appealed under the collateral order doctrine, the parties point to no authority—and our research reveals none—which has held that such orders fall within the collateral order exception to the rule of non-appealability. Indeed, in *Gottschall v. Jones & Laughlin Steel Corp.,* 333 Pa. Superior Ct. 493, 482 A.2d 979 (1984), *cert. denied,* 474 U.S. 845, 106 S.Ct. 134 (1985), our Superior Court held a protective order prohibiting discovery to be unappealable under the *Cohen* test.

Courts of federal jurisdiction have applied the *Cohen* doctrine and have arrived at different answers to the question of appealability.[4] The U.S. Court of Appeals for the Third Circuit in *Borden Co. v. Sylk,* 410 F.2d 843 (3rd Cir. 1969), dismissed for lack of jurisdiction an order compelling disclosure of business information by

---

[4] *See, e.g., Covey Oil Co. v. Continental Oil Co.,* 340 F.2d 993 (10th Cir. 1965), *cert. denied,* 380 U.S. 964 (1965); *IBM Corp. v. United States,* 471 F.2d 507 (1972), *rev'd on other grounds,* 480 F.2d 293 (2d Cir. 1973), *cert. denied,* 416 U.S. 980 (1974), and *United States v. Schiavo,* 504 F.2d 1 (3rd Cir. 1974), *cert. denied,* 419 U.S. 1096 (1974).

a *non-party witness.* There the Court concluded that to allow appeals from discovery orders would be "to invite inundation of appellate dockets with what have heretofore been regarded as nonappealable matters" and "would constitute the federal courts of appeals as second-stage motion courts reviewing pretrial applications of all non-party witnesses alleging some damage because of the litigation." *Id.* at 846. We agree with this reasoning and conclude that, if discovery orders directed to *non*-party witnesses are not collateral, then such orders directed to *parties* cannot be any more collateral.

In *Grinnell Corp. v. Hackett,* 519 F.2d 595 (1975), the First Circuit Court declined to hear the appeal of a party resisting answering interrogatories on the ground that the information sought was constitutionally protected. There the Court rejected the appellant's argument that the order was separable (*i.e.,* collateral) because its First Amendment rights would be compromised. Quoting with approval 4 J. Moore, Federal Practice ¶ 26.36[6] (Supp. 1973), the court stated:

> Once the collateral order doctrine is applied to orders for disclosure by parties, it is difficult to suggest any limitation on the right to appeal such an order over a claim of privilege.

We believe this reasoning applies equally to the claim of statutorily created privileges the Department asserts. As in *Grinnell,* "the discovery order here is materially connected to the underlying . . . issue." *Id.* at 597.

Here, the documents relate to the actions undertaken by the staff and physicians at Mayview State Hospital, which actions Doe asserts, by their negligence, were the proximate cause of her injury. The information sought has the potential to determine the ultimate issues of liability or to dissuade the trier of fact from finding liability at all. When courts have applied the

*Cohen* doctrine to discovery orders, they have held them to be "separable and collateral" only when they did not relate in any way to the merits of the action itself.

Moreover, this Court should not be compelled to find appealability solely because of the possible serious consequences asserted or the "importance" of the right which may be compromised if review is not immediately had. Every party resisting discovery rightly invokes a significant claim and every interlocutory order, as the *Borden* court said, "involves, to some degree, a potential loss." *Id.* at 846. The common pleas court, having original jurisdiction, is charged with disposing of those conflicting interests.

Notwithstanding the importance of the confidentiality provisions of the Peer Review Protection and Mental Health Procedures Acts, appealability under the *Cohen* doctrine will not lie unless, as we have said, all three factors are satisfied. Here, the first, "separability" test, has not been met.

Thus, having no jurisdiction to hear the Department's appeal, we grant Doe's motion to quash.

## ORDER

The motion of appellee Jane Doe to quash the appeal in the above-captioned matter is granted, and the appeal of the order of the Allegheny County Common Pleas Court, No. GD 83-10470 dated July 21, 1986, is quashed.