569 A.2d 382

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Petitioner,**

**v.**

**TEXAS EASTERN TRANSMISSION CORP. d/b/a Texas Eastern Gas Pipeline Company, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1989.

Decided Jan. 25, 1990.

David H. Wersan, Asst. Counsel, Harrisburg, for petitioner.

Alan J. Davis, with him, Gerald Gornish, Barry M. Klayman and Daniel M. Newman, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, and Bolivar C. Andrews and Stephen W. Travers, Houston, Tex., for respondent.

Before CRAIG and McGINLEY, JJ., and BARBIERI, Senior Judge.

CRAIG, Judge:

The Department of Environmental Resources (DER) appeals a decision of the Environmental Hearing Board (board) that granted in part and denied in part a motion of Texas Eastern Gas Pipeline Company (Texas Eastern) to compel discovery. In particular, DER challenges the board's conclusion that DER may not claim the benefit of the deliberative process privilege to preclude Texas Eastern's access to documents it seeks through discovery proceedings.

On March 8, 1989, DER sought review by this court of the board's decision under the collateral order exception to the final order rule. On March 10, 1989, the board denied DER's request to certify for interlocutory review the question of whether Pennsylvania recognizes the deliberative process privilege. Texas Eastern has filed a motion to quash the petition for review contending that the appeal is interlocutory.

Thus, two questions are presented: (1) whether the board's decision is a collateral order appealable as an exception to the final order rule; and, on the merits, (2) whether DER may refuse to produce the documents Texas Eastern

seeks because they are protected under the deliberative process privilege.

In *Doe v. Department of Public Welfare,* 105 Pa. Commonwealth Ct. 482, 524 A.2d 1063 (1987), the plaintiff moved to quash the defendant's appeal of a trial court's decision that concluded certain documents sought in discovery were not privileged. The defendant claimed that the order was appealable under the collateral order exception to the rule that only final orders are appealable.

This court reiterated the collateral order doctrine that the United States Supreme Court established in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949):

> To be appealable, an order, though not ending the litigation or disposing of the case, must be separable from and collateral to the main cause of action; it must involve a right too important to be denied review; and the question presented must be such that if review is postponed until final judgment in the case, the claimed right will be irretrievably lost. This doctrine was recognized by our own Supreme Court in *Bell v. Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975), and it has been held that each of the three Cohen factors must be satisfied. *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985).

105 Pa.Commonwealth Ct. at 484–85, 524 A.2d at 1064.

In *Doe* the court quoted language from federal courts which recognized the burden that appeals from discovery orders would place on appellate courts, and which noted that allowing such appeals could turn the appellate courts into "second-stage motion courts reviewing pretrial applications of all non-party witnesses alleging some damage because of the litigation." *Doe,* 105 Pa. Commonwealth Ct. at 486, 524 A.2d at 1065, quoting *Borden Co. v. Sylk,* 410 F.2d 843, 846 (3rd Cir.1969).

This court concluded in *Doe* that discovery orders are not "separable and collateral", as described in the first prong of the *Cohen* test, if they relate in any way to the merits of

the case. DER asserts that *Doe* is distinguishable because the trial court in *Doe* concluded only that certain documents were not privileged under an established statutory privilege, whereas, in this case, there is a question regarding the existence of a privilege. Although DER is correct in making that distinction, the board evaluated the nature of the documents Texas Eastern seeks and determined that they are related to the cause of action here.

In following the reasoning of *Doe*, the documents Texas Eastern seeks have "the potential to determine the ultimate issues" in the case. *Doe*, 105 Pa. Commonwealth Ct. at 486, 524 A.2d at 1065. As suggested above this appellate court cannot sit as "second-stage motion" court and consider the merits of an interlocutory order. Therefore, Texas Eastern's motion to quash is granted.

Moreover, as to the merits, we note that no present authority supporting the deliberative process privilege can be found in Pennsylvania.

As DER points out, privileges may arise from the common law, the constitution, and legislative enactment. On appeal from a final order, DER retains the right to challenge the board's decision to grant Texas Eastern's motion to compel, and may raise the issue of deliberative process privilege at that time.

Other state courts and legislatures have acknowledged and adopted privileges and accorded them to the executive branch of government to protect those institutions' deliberative process from interference from varying governmental entities or the general public. Interference from governmental sources triggers constitutional interests including the doctrine of separation of powers and federalism. Concerns that arise from public interference do not implicate constitutional interests, and thus may be addressed with only policy considerations in mind. Clearly, in developing a privilege for the deliberative process, the proper balance must be reached between responsibility to the public and the recognition that government agencies cannot make well-reasoned decisions if subject to fishbowl oversight by the

public. *See Developments in the Law—Privileged Communications,* 98 Harv.L.Rev. 1450, 1613–14 (1985).

Pennsylvania Courts have not recognized the deliberative process privilege for executive agencies. Although the Pennsylvania Supreme Court in *In re Hartranft's Appeal,* 85 Pa. 433 (1877) did quash a subpoena directed to the Governor, the case involved the interference of one branch of government with the operation of another.

The federal courts do recognize the deliberative process privilege, originally under federal common law, and now under exemption 5 of the Freedom of Information Act. Nevertheless, as indicated by the statutes of several other states, the appropriate course may be to defer the development of a deliberative process privilege to the General Assembly, which, as Texas Eastern points out, has created other statutory privileges deemed to be necessary in the Commonwealth.

As to this particular appeal, DER's petition for review is quashed, in view of our conclusion, at the outset, that the appeal involves an interlocutory matter.

## ORDER

Now, January 25, 1990, the Department of Environmental Resource's petition for review from the order of the Environmental Hearing Board at EHB Docket No. 88–090–CP–W, dated February 7, 1989 is quashed.