### Pamela J. VAN DER LAAN

v.

### NAZARETH HOSPITAL, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 5, 1997.

Filed Dec. 8, 1997.

Terrence M. Pitt, Plymouth Meeting, for appellant.

Joseph P. Caracappa, Fairless Hills, for appellee.

Before CIRILLO, President Judge Emeritus, and JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

Nazareth Hospital (Hospital) appeals from the order that required it to produce certain records for *in camera* inspection. Because this order is interlocutory, we dismiss the appeal.

Pamela Van der Laan filed this personal injury action against Nazareth Hospital after allegedly being attacked by one of its patients. Van der Laan claims the Hospital knew of the patient's violent tendencies and failed in its duty to adequately supervise the patient. In the course of discovery, Van der Laan requested that the Hospital produce "[a]ny and all records, nurses' log, progress notes, discharge summaries, psychological evaluations and various incident reports, pertaining to the person who accosted Plaintiff on Defendant's premises[.]" Request for Production and Copying of Documents, ¶ 8. The Hospital objected to this request claiming the material sought is privileged. Van der Laan filed a motion to compel production of these documents, which the trial court granted. Specifically, the court found that the documents were discoverable for good

cause shown pursuant to 71 P.S. § 1690.108(b), and ordered the documents produced for *in camera* inspection to ensure that they are relevant and that the patient's identity remains confidential. Trial Court Opinion and Order, dated May 12, 1997, at 2–3.

■ The Hospital argues that this order, though interlocutory, is appealable under Pa. R.A.P. 313. This rule embodies the collateral order doctrine, endorsed by the U.S. Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and adopted by our Supreme Court in *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975). Under this rule, an otherwise interlocutory order can be considered final and appealable if the order is: (1) collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) postponement of review until final judgment will cause the claim to be irreparably lost. Pa.R.A.P. 313(b). These prerequisites to appealability are narrowly construed to prevent the collateral order doctrine from subsuming the fundamental precept that only final orders are appealable. *Watson v. City of Philadelphia,* 665 A.2d 1315, 1317 (Pa. Commw.1995).

■ We dismiss the Hospital's appeal because the order, here, is not collateral to and separable from the main cause of action. The records at issue are sought to establish the Hospital's prior knowledge of the unidentified patient-attacker's violent tendencies. This knowledge is central to Van der Laan's negligence claim. Under the collateral order doctrine, a discovery order covering material that is intertwined with the facts necessary to support the action is not separable from the action and no appeal can be taken before final judgment. *Ben v. Schwartz,* 690 A.2d 849, 851–52 (Pa.Commw.1997) (discovery order relating to documents having potential to decide at least one issue in case was not collateral or appealable); *In re Estate of Israel,* 435 Pa.Super. 347, 354–55, 645 A.2d 1333, 1337 (1994); *Doe v. Com. Dept. of Public Welfare,* 105 Pa.Commw. 482, 486–87, 524 A.2d 1063, 1065 (1987). Our disposition on this ground renders consideration of the importance of the claimed right and its irreparability at a later stage unnecessary. *Gottschall v. Jones & Laughlin Steel Corp.,* 333 Pa.Super. 493, 500, 482 A.2d 979, 983 (1984).

The Hospital cites *Commonwealth v. Miller,* 406 Pa.Super. 206, 593 A.2d 1308 (1991), as "directly on point" to the issue of whether the trial court's order, here, is an appealable collateral order. *Miller* concerned an order compelling a non-party rape counseling organization to divulge certain documents concerning services provided to an alleged rape victim. *Miller* is factually distinguishable from this case in important aspects. Since the victim and the organization were not parties to the proceedings, the issue was imbued with the practical finality that prompted this narrow exception to the final order rule. *Id.* at 209–10, 593 A.2d at 1309–10 (stressing practical considerations in determining finality and observing "this is the only point at which the alleged victim is able to vindicate her right of privacy in relation to rape crisis center records"). *Cf. Ben v. Schwartz, supra,* at 851 (order compelling production of documents potentially determinative of material issue is not collateral even if directed toward non-party). Contrary to the Hospital's reading of *Miller,* there is no hard and fast rule that discovery orders in derogation of a claimed privilege are always collateral and appealable as of right. *Miller* suggested nothing to the contrary, and further, this Court engaged in no analysis of the first prong of the test recited above in reaching the merits of the privilege claim.

*Hutchison v. Luddy,* 414 Pa.Super. 138, 606 A.2d 905 (1992) is more clearly contrary to the position adopted here. In *Hutchison,* this Court found appealable a trial court's order compelling the production of documents contained in a "secret archive" of a Catholic diocese, access to which was severely circumscribed by Canon Law. This archive purportedly contained information bearing on past pedophilic episodes involving Catholic priests and was clearly intertwined with the plaintiff's theory of sexual molestation by a parish priest and prior knowledge and negligent inaction by responsible church officials. The priest, the officials and the diocese were

all named defendants in the suit. This Court assumed jurisdiction under the collateral order doctrine, giving scant consideration to the first leg of the three-part test for determining appealability. *Id.* at 144, 606 A.2d at 907. We merely stated that the order "does not decide the principal action but is collateral thereto." *Id.* One judge of the three judge panel dissented on this point, strongly protesting that the appeal should have been dismissed under prior case law establishing that orders compelling discovery of material that has the potential to determine ultimate issues of liability are not collateral. *Id.* at 153–59, 606 A.2d at 912–15 (Johnson, J., dissenting).

A later panel of this Court expressly followed the more restrictive interpretation of separability and criticized the *Hutchison* majority's treatment of this issue. *Estate of Israel, supra,* at 355–56, 645 A.2d at 1337–38. We think this approach comports with the weight of authority on this point. Moreover, this definition of separability in the discovery context is necessary to prevent our appellate courts from becoming "second-stage motion courts", *Doe, supra,* at 486, 524 A.2d at 1065, and to forestall the interruption and delay of litigation by "piecemeal review of trial court decisions." *Watson v. City of Philadelphia, supra,* at 1317. The following comments of the Commonwealth Court are particularly apt:

> [T]his Court should not be compelled to find appealability solely because of the possible serious consequences asserted or the "importance" of the right which may be compromised if review is not immediately had. Every party resisting discovery rightly invokes a significant claim and every interlocutory order, as the *Borden* court said, "involves, to some degree, a potential loss." [*Borden Co. v. Sylk,* 410 F.2d 843, 846 (3d. Cir.1969).] The common pleas court, having original jurisdiction, is charged with disposing of these conflicting interests.

*Doe, supra,* at 487, 524 A.2d at 1065.

For the foregoing reasons, the Hospital's appeal from the order compelling discovery of its records relating to the plaintiff's alleged assailant is **DISMISSED.**