**Barbara J. GUNN, Appellee**

v.

**The AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 13, 2009.

Filed April 15, 2009.

Avrum Levicoff, Pittsburgh, for appellant.

Kenneth J. Nolan, Pittsburgh, for appellee.

BEFORE: FORD ELLIOTT, P.J., LALLY–GREEN, and ALLEN, JJ.

OPINION BY ALLEN, J.:

¶ 1 Appellant, the Automobile Insurance Company of Hartford, Connecticut ("Appellant") appeals from the judgment entered in favor of Appellee, Barbara Gunn ("Gunn") following the trial court's denial of Appellant's motion to sever and stay a statutory bad faith claim. The instant matter arises out of a two-count complaint filed by Gunn against Appellant. Gunn's first count is a breach of contract claim ("UIM claim") against Appellant, her insurance carrier, for failure to pay underinsurance motorist (UIM) benefits. The second count is a bad faith claim alleging that Appellant failed to act on Gunn's claim for underinsured motorist benefits in good faith, in violation of 42 Pa.C.S. § 8371.

¶ 2 The facts of this case have been comprehensively set forth by the trial court as follows:

[Gunn] was involved in a motor vehicle accident while operating a vehicle insured under [Appellant's] policy which provides UIM [underinsured motorist] coverage of $100,000 to [Gunn]. The other driver's vehicle was insured by a policy issued by another insurance company which provided coverage of $100,000. On September 24, 2003, [Gunn] sued the other driver. In April, 2005, [Gunn] settled her claim against this driver for $88,000. [Gunn] recognizes that under Pennsylvania law, any UIM benefits to which [Gunn] is entitled will be offset by the $100,000 limits.

[Appellant] offered $30,000 to settle the UIM claim. [Gunn] rejected the offer. Thereafter, Gunn instituted the present action. The complaint alleges that [Appellant] breached its contract of insurance in failing to pay [Gunn's] claim for UIM benefits of $100,000 and also acted in bad faith by failing to properly investigate and/or offer a reasonable payment of [Gunn's] underinsured motorist claim. [Gunn's] complaint includes a demand for a jury trial.

. . .

According to the Summary of Facts set forth in [Gunn's] Brief in Opposition to [Appellant's] Motion to Sever and stay [Gunn's] Bad Faith Claim, the accident occurred when the other driver failed to yield to [Gunn's] right-of-way. Because of the accident, [Gunn] was unable to return to work. According to the Report of [Gunn's] Expert Witness in Matters of Employability, Lost Earnings, and Diminished Earning Capacity, [Gunn's] total lost earnings, past and future, and other reduced benefits exceed $400,000.

Trial Court Opinion, 07/25/2008, at 2–4.

¶ 3 On January 25, 2008, Appellant filed a Motion to Sever and Stay a Statutory Bad Faith claim, requesting the trial court to sever and stay all proceedings as to Gunn's bad faith claim, until the UIM claim was resolved following jury trial. R. 66a. In its motion, Appellant asserted that under the setoff requirements of Pennsylvania law, in order to be entitled to any UIM benefits, Gunn would have to prove damages in excess of the $100,000 liability limits. *See Boyle v. Erie Ins. Co.,* 441 Pa.Super. 103, 656 A.2d 941, 944 (1995). In its motion and subsequent amended answer to the complaint, Appellant disputed Gunn's allegations as to the extent of her injuries, and asserted that Gunn was not entitled to recover UIM benefits. R. 78a; Trial Court Opinion, 07/25/2008, at 4.

¶ 4 In its motion to sever and stay the bad faith claim, Appellant sought to preclude the consolidation of Gunn's breach of contract and bad faith claims, and to preclude discovery from proceeding in the bad

faith case while the underlying UIM claim was at issue. Appellant asserted in its motion that Gunn's bad faith claim was dependent on the outcome of her UIM claim, and that considerations of judicial economy, prevention of unnecessary expense to the parties, and prejudice to Appellant, required the bad faith claim to be stayed pending the outcome of the UIM claim. R. 66a.

¶ 5 On July 25, 2008, the trial court entered an opinion and order denying Appellant's motion to stay all proceedings and preclude discovery pertaining only to the bad faith claim until resolution of the UIM claim. In its opinion, the trial court explained that "obviously, [Gunn's] bad faith claim will be severed because [Gunn's] UIM claim will be resolved through a jury trial while bad faith claims are tried nonjury." *citing Mishoe v. Erie Ins. Co.,* 573 Pa. 267, 824 A.2d 1153 (2003) (no right to a jury trial in a bad faith action pursuant to 42 Pa.C.S. § 8371). Therefore, the trial court reasoned that "the dispute between the parties is over whether to· stay all proceedings as to the bad faith claim pending resolution of the UIM claim." Trial Court Opinion, 07/25/2008, at 3. The trial court then denied Appellant's motion to preclude discovery relevant only the bad faith claim until resolution of the UIM claim, reasoning that it would be more convenient for the parties and the court if the same judge who presided over the UIM jury trial tried the bad faith claim immediately after the completion of the UIM trial. Trial Court Opinion, 07/25/2008, at 5. The trial court further explained that Appellant had failed to adequately demonstrate any prejudicial effect from permitting discovery on the bad faith claim to proceed. Trial Court Opinion, 07/25/2008, at 7, 9.[1]

¶ 6 On August 14, 2008, Appellant filed a notice of appeal from the July 25, 2008 order, asserting that the order constituted an appealable collateral order. The trial court neither directed Appellant to file a Pa.R.C.P. 1925(b) statement of matters complained of on appeal, nor filed a Pa. R.C.P. 1925(a) opinion.

¶ 7 Before addressing the merits of Appellant's appeal, we must determine whether we have jurisdiction. "[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." *Kulp v. Hrivnak,* 765 A.2d 796, 798 (Pa.Super.2000).

¶ 8 Appellant asserts that the trial court's order constitutes an appealable collateral order pursuant to Pa.R.A.P. 313. Appellant's Brief at 5, 12. Pa.R.A.P. 313(a) provides that an appeal may be taken from a collateral order. Pa.R.A.P. 313(b) explains that "a collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied re-

---

1. The trial court noted:

   There is almost no Pennsylvania case law on this issue because through regulation of the Pennsylvania Insurance Department, all insurance policies were required to provide for a mandatory binding arbitration of [uninsured motorist (UM)] and UIM coverage disputes. In December 2005, in what is commonly referred to as the *Koken* case (*Ins. Federation of Pennsylvania, Inc. v. Department of Ins.,* 585 Pa. 630, 889 A.2d 550), the Pennsylvania Supreme Court ruled that the Insurance Department did not have authority to require mandatory binding arbitration for UM and UIM claims. Insurance policies containing the mandatory arbitration provisions are being phased out and replaced with policies that do not mandate arbitration. Consequently, the trial courts of Pennsylvania will begin to frequently encounter complaints which raise both UIM and bad faith claims. Trial Court Opinion 07/25/2008, at 2.

view and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."

¶ 9 In interpreting Pa.R.A.P. 313, we have held that all three elements of Rule 313(b) must be met, namely that the order is: (1) separable from and collateral to the main cause of action where, (2) the right involved is too important to be denied review, and (3) the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. *Nemirovsky v. Nemirovsky*, 776 A.2d 988, 991 (Pa.Super.2001). Pa.R.A.P. 313 is to be narrowly construed to prevent the collateral order doctrine from subsuming the fundamental precept that only final orders are appealable. *Van der Laan v. Nazareth Hosp.*, 703 A.2d 540, 541 (Pa.Super.1997).

¶ 10 For a claim arising from a non-final order to be considered "separable and collateral," in accordance with the first prong of Pa.R.A.P. 313, the nature of the issue reviewed must be such that it can be addressed without the need to analyze the central issue of the case. An order is not separable if the matter being reviewed has the potential to resolve an issue in the case. *Jacksonian v. Temple University Health System Foundation*, 862 A.2d 1275, 1279 (Pa.Super.2004). In the instant case, the propriety of the trial court's decision not to stay all proceedings as to the bad faith claim, and to permit discovery in the bad faith claim while the UIM claim is pending, can be addressed without the need to analyze the central issue of the case. No analysis of any of the key elements of Gunn's breach of contract or bad faith causes of action need be conducted in order to assess the propriety of the trial court order. Therefore, the first prong of Pa.R.A.P. 313 has been met.

¶ 11 Turning to the second prong of Pa.R.A.P. 313, for a non-final order to qualify as an appealable collateral order, the right involved must be too important to be denied review. "For purposes of defining an order as a collateral order under Rule 313, it is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Ben v. Schwartz*, 556 Pa. 475, 729 A.2d 547, 552 (1999). "In analyzing the importance prong, we weigh the interests implicated in the case against the costs of piecemeal litigation." *Id.*

¶ 12 In the instant case, the trial court's decision not to stay the bad faith proceeding neither goes beyond the particular litigation at hand nor implicates a right deeply rooted in public policy sufficient to set aside the general rule that only final orders are appealable as of right. Appellant argues that to permit discovery to proceed in the bad faith claim in the instant case would be a waste of time and resources. Specifically, Appellant contends that the bad faith claim should be stayed because the outcome of the UIM claim may be dispositive of the bad faith claim. Appellant maintains that it would be inefficient to conduct the discovery and pre-trial preparation necessary for the litigation of a bad faith action while the UIM claim is unresolved.

¶ 13 The trial court specifically observes in its opinion that "[t]he motion of a party seeking a stay of the bad faith claims must contain material facts constituting grounds for the relief sought. Pa.R.C.P. 208.2(a)(3). Once a party has shown actual prejudice, the court must balance the relevant factors in deciding how the case shall proceed." Trial Court Opinion, 07/25/2008, at 11. Thus, as the trial court makes clear, an analysis of a motion to stay a bad

faith claim depends on the specific circumstances and allegations of the particular litigation at hand.

¶ 14 In the specific circumstances of the case at bar, the trial court concluded that Appellant had failed to demonstrate prejudice sufficient to warrant a stay of the bad faith claim. The trial court concluded that a stay of the bad faith proceeding was not warranted and explained:

> at least in the situation presented in this case in which the insurance company rejected the insured UIM claim on the ground that the insured is not likely to establish damages and/or liability to support her demand, a trial of the bad faith claim held immediately after the trial of the UIM claim is likely to be the most efficient and fairest method of resolving the UIM claim because it avoids duplicate testimony and permits the judge to make his or her decision when the judge best recollects the relevant evidence.

Trial Court Opinion, 07/25/2008, at 5.

¶ 15 Similarly, throughout the trial court's opinion, it is clear that the trial court's decision is based upon and constrained to the particular circumstances of the case. With respect to Appellant's assertion that failure to stay the bad faith claim will create a waste of time and resources, the trial court noted that Gunn's bad faith claim is specific to her own particular circumstances and Appellant's response to her individual claim for UIM benefits, as opposed to a claim based primarily on a more general assertion of systematic unfair insurance practices. Trial Court Opinion, 07/25/2008, at 5–6. Therefore, the trial court noted that Gunn's bad faith claim was based on the evidentiary information in Appellant's files, which is discoverable in Pennsylvania and will be furnished for the UIM trial regardless, such that Appellant would not incur significant additional expenses. *Id.* See Pa.

R.C.P. 4003.1. Consequently, under the particular facts of this case, the trial court concluded that it was unnecessary to stay discovery in the bad faith proceeding given Appellant's failure to demonstrate prejudice. Because the trial court's decision is limited to the facts and circumstances of the particular litigation at hand, it does not merit immediate appellate review as a collateral order.

¶ 16 Furthermore, Appellant fails to advance a compelling public policy argument to warrant setting aside the general finality rule. An appeal may be taken from a collateral order where a right deeply rooted in public policy is implicated which, when weighed against the final order rule, is so persuasive as to overcome the general rule. *Ben,* 729 A.2d at 552. "An issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interest, which is the avoidance of piecemeal litigation of appeals, sought to be advanced by the final judgment rule." *Vertical Resources, Inc. v. Bramlett,* 837 A.2d 1193, 1200 (Pa.Super.2003).

¶ 17 Appellant advances the public policy argument that "given that the insurance industry is pervasively dropping the mandatory arbitration clause from the standard insurance policy, the courts in the Commonwealth of Pennsylvania are very likely to be inundated with cases in which insureds who have yet to demonstrate any entitlement to [UIM] benefits, will join their UIM claim with statutory bad faith claims", resulting in the courts having to deal with a flood of litigation by plaintiffs who may not be entitled to any UIM benefits at all. Appellant's Brief at 15–16. Further, Appellant asserts that the failure to stay the bad faith claim would require the parties to engage in the wasteful ex-

pense of preparing for litigation that may never proceed to trial.

¶ 18 In weighing the competing considerations of the costs of piecemeal review of non-final orders against Appellant's public policy argument that the trial court order will result in a burden on the parties and the judicial system, we conclude that Appellant has failed to implicate a right rooted in public policy sufficient to tip the balance in favor of immediate appellate review. Appellant's concern that the courts and parties will be required to engage in protracted discovery and preparation for litigation that may prove to be unnecessary, must be balanced against the protraction and delay in litigation created by permitting appeals from interlocutory orders denying stay of a bad faith claim. We do not find that Appellant's concerns outweigh the countervailing interests of avoiding piecemeal litigation or delay.

¶ 19 "Narrow construction of the collateral order doctrine is required to protect the integrity of the fundamental legal principle that only final orders may be appealed. To hold otherwise would allow the collateral order doctrine to swallow up the final order rule causing litigation to be interrupted and delayed by piecemeal review of trial court decisions." *Watson v. City of Philadelphia*, 665 A.2d 1315, 1318 (Pa.Cmwlth.1995). If, in every circumstance in which a trial court denied a motion to stay a bad faith claim, the aggrieved party were permitted immediate appellate review of the trial court's interlocutory order, the very purpose of the final order rule would be compromised. "[T]his Court should not be compelled to find appealability solely because of the possible serious consequences asserted or the 'importance' of the right which may be compromised if review is not immediately

had. Every party resisting discovery rightly invokes a significant claim and every interlocutory order ... involves, to some degree, a potential loss. The common pleas court, having original jurisdiction, is charged with disposing of these conflicting interests." *Van der Laan v. Nazareth Hosp.*, 703 A.2d 540, 542 (Pa.Super.1997) *citing Doe v. Com., Dept. of Public Welfare*, 105 Pa.Cmwlth. 482, 524 A.2d 1063, 1065 (1987). Appellant's interest in conserving the resources of the parties and avoiding potentially unnecessary litigation preparation does not constitute a sufficiently compelling interest so important and deeply rooted in public policy as to qualify for immediate appellate review.

¶ 20 The third prong of Pa.R.A.P. 313 requires an appellant to demonstrate that if review is postponed until final judgment in the case, the claim will be irreparably lost. Courts of this Commonwealth have permitted the immediate appeal of non-final orders where issues of confidentiality or the privileged nature of the discovery materials have been implicated. *See e.g. Jones v. Faust*, 852 A.2d 1201 (Pa.Super.2004). Unlike those situations, however, Appellant in the instant case has not raised any specific assertion of confidential or privileged information being transmitted as a result of the trial court order. *See* Trial Court Opinion, 07/25/2008, at 9. Rather, Appellant has raised only a generalized concern that to permit discovery of the bad faith claim to proceed would make it possible for Gunn to request work product and attorney-client material containing information that may be relevant to the bad faith claim, but would not be available if Gunn was proceeding solely on a claim for UIM benefits. Appellant's Brief at 28. At this juncture, however, Appellant's concern as to the po-

tential disclosure of possibly privileged information is merely speculative.[2] Such speculative concerns do not rise to the level of a right too important to be denied immediate appellate review. As the trial court noted, certain confidential information that Appellant seeks to protect may be raised as the subject of a protective order, and Appellant's concerns may be addressed at that time. Trial Court Opinion, 07/25/2008, at 9.[3]

¶ 21 With respect to Appellant's argument that the trial court order will create a waste of the parties' resources, we have explained that while Appellant may be required to utilize time and incur expenses in preparation for litigation of the bad faith claim, and while these resources may be irredeemable, we do not find Appellant's financial concerns sufficiently compelling to overcome the requirements of Pa.R.A.P. 313. We reiterate that "[e]very party resisting discovery rightly invokes a significant claim and every interlocutory order ... involves, to some degree, a potential loss. The common pleas court, having original jurisdiction, is charged with disposing of these conflicting interests." *Van der Laan,* 703 A.2d at 542.

¶ 22 The trial court's July 25, 2008 order does not qualify as an appealable collateral order pursuant to Pa.R.A.P. 313. There-fore, we have no jurisdiction to review it and the appeal is quashed.

¶ 23 Appeal quashed.

¶ 24 Judge LALLY–GREEN files a Dissenting Opinion.

DISSENTING OPINION BY LALLY–GREEN, J.:

¶ 1 I respectfully dissent. First, I would hold that the trial court's order was appealable under Pa.R.A.P. 313. As the Majority notes, an appealable collateral order: (1) is separable from and collateral to the main cause of action; (2) implicates a right that is too important to be denied review; and (3) presents a question where the claim will be irreparably lost if review is postponed until final judgment in the case. Pa.R.A.P. 313.

¶ 2 In the instant case, Barbara Gunn filed a UIM claim and a bad faith claim concurrently. Appellant filed a motion to sever the bad faith claim and to stay that claim, and any discovery thereon, pending resolution of the UIM claim. The trial court denied that motion, and ordered that both actions should proceed simultaneously, including for discovery purposes. As the Majority notes, that scheduling order is separable from and collateral to the merits of either the UIM claim or the bad faith claim. Thus, the first prong of Rule 313 is met.

**2.** With respect to the potential disclosure of information protected by Pa.R.C.P. 4003.3, as the trial court observed, "[Appellant] has not stated that its files contain any information protected by Rule 4003.3, let alone describe[d] how discovery of this information at this time would significantly assist [Gunn] in the preparation and trial of her UIM claim." Trial Court Opinion, 07/25/2008, at 9.

**3.** The trial court further explained that it's denial of Appellant's motion to bar discovery relevant only to the bad faith claim "does not mean that [Appellant] cannot raise objections to specific discovery requests that focus on general insurance practices rather than on the facts of the particular claim if (i) compliance with these discovery requests would be unreasonably burdensome and (ii) these discovery requests may be moot if the UIM claim is resolved in the insurance company's favor." At that juncture, "a court may decide to give the plaintiff the choice of a court order for back-to-back trials without this discovery or a court order staying the bad faith action pending resolution of the UIM claim." Trial Court Opinion, 07/25/2008, at 9–10.

¶ 3 I would further hold that the second prong is met. Our Courts have routinely held that a colorable claim of privilege and/or disclosure of confidential material will pass the second prong of the test. *See T.M. v. Elwyn, Inc.*, 950 A.2d 1050 (Pa.Super.2008) (collecting cases); *Berkeyheiser v. A–Plus Investigations, Inc.*, 936 A.2d 1117 (Pa.Super.2007).

¶ 4 The trial court's order implicates these claims. Bad faith actions explore the process by which the insurer handles the underlying claim. That process may commonly include reliance on privileged and otherwise-confidential information. The trial court's discovery order carries a significant risk that such information will be disclosed prematurely, before there is even an adverse ruling on the underlying claim. In my view, there would most often be no basis for a bad faith claim if the trial court rules in the insurer's favor on the underlying claim. Yet, insurers will be routinely compelled to disclose confidential material during the underlying litigation simply because the plaintiff chooses to raise a bad faith claim along with the UIM claim. As the Wisconsin Court of Appeals explained:

> In litigating a claim of bad faith, the [insured] will be entitled to discovery of [the insurer's] work product and attorney/client material containing information relevant as to how the [insured's] claim was handled. This information would include [the insurer's] internal determination to deny benefits, its evaluation as to how a jury may value the [insured's] claim and its approach to settlement. This information would not be available to the [insured] if they were proceeding solely on a claim for UIM benefits.

*Dahmen v. Am. Family Mut. Ins. Co.*, 2001 WI App 198, 247 Wis.2d 541, 635 N.W.2d 1, 5 (Ct.App.2001). I am also concerned that insurers will be forced into unfair settlements as a result of having to litigate and provide discovery on both claims at the same time. These concerns go beyond the individual parties before this Court. Indeed, they implicate the handling of all UIM/bad faith claims litigated concurrently in Pennsylvania. Thus, I would hold that the trial court's order satisfies the "importance" prong of Rule 313.

¶ 5 Finally, I would hold that the third prong is met. If the insurer is forced to prematurely disclose confidential and/or privileged information, that claim would be irreparably lost if review is postponed until final judgment. *See T.M.; Berkeyheiser.*

¶ 6 Thus, I would hold that the trial court's order is appealable and collateral. On the merits, I would further hold that the highly regarded trial court abused its discretion in failing to stay the bad faith claim and discovery thereon. For the reasons outlined above, I am of the view that bad faith claims (and discovery thereon) should be routinely stayed until the resolution of the underlying UM/UIM claim. I would hold that the benefits of judicial economy and efficiency cited by the trial court are generally outweighed by the danger of unfair prejudice to the insurer. Thus, I respectfully dissent.