J-A28023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MCGINN, SMITH & CO., INC., DAVID L. SMITH AND WILLIAM F. LEX, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DUCKKYU CHANG, INDIVIDUALLY AND AS TRUSTEE OF CUMBERLAND PATHOLOGY ASSOCIATES, LLC AND KEE CHANG, | |
| Appellees | |
| APPEAL OF: WILLIAM F. LEX | No. 716 EDA 2016 |

Appeal from the Order Entered August 26, 2010
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 00144 Feb. Term 2010

BEFORE:  PANELLA, SHOGAN, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 19, 2017**

Appellant, William F. Lex ("Lex"), appeals the order entered August 26, 2010, that partially granted a petition to confirm an arbitration award entered against him and denied his petition to vacate the award.  For the following reasons, we quash the appeal.

The trial court summarized the factual and procedural history of this case in an earlier appeal as follows:

> [Lex] appeals this court's Order of August [26], 2010 which partially granted the Petition to Confirm Arbitration Award

_____

[*]  Retired Senior Judge assigned to the Superior Court.

filed by Duckyu Chang's [sic] and Kee Chang [("the Changs")], and denied [the] Petition to Vacate the Arbitration Award filed by Lex..[sic] The Petitions before this Court originated from an arbitration proceeding, ("Arbitration") before the Financial Industry Regulation Authority, ("FINRA"). The Changs' [sic] filed an action raising claims of breach of contract and fraud against McGinn, Smith & Co, Inc., ("MSC") David L. Smith and William Lex. The Changs filed a proceeding before the [FINRA] Arbitration. The allegations and claim[s] related to the conduct of MSC, Smith and Lex in the securities industry. On December 31, 2009, after a ten day evidentiary hearing, the FINRA Arbitration Panel unanimously rendered an Award finding MSC, Smith, and Lex, jointly and severally liable to the Changs in the amount of $805,110.00. On January 29, 2010, MSC, Smith, and Lex filed a Joint Petition to Vacate the Arbitration Award. On February 18, 2010, the Changs filed an answer to the Joint Petition to Vacate and filed a Petition to Confirm Arbitration Award.

During the pendency of these Cross Petitions, the U.S. District Court entered a Temporary Restraining Order in the case of Securities and Exchange Commission v. McGinn, Smith & Co., Inc., et al. Civil Action No. 10-CV-00457-GLS-RFT on April 20, 2010. At the oral argument before this court, MSC and Smith contended that the District Court Order resulted in a stay in all pending actions including those cross petitions. The Changs' [sic] argued that the District Court Order should not stay this court's determination as to whether the Arbitration Award should be confirmed or vacate[d]; that the stay only affected the payment of any such award. The Arbitration Award found against MSC/Smith and Lex jointly and *severally*. Lex argued that should this court find that the District Court Order did in fact result in a stay of these proceeding[s], then he should have the benefit of that stay and this court should not enter a partial order. This court directed the parties to submit [] memorandum on this issue. In addition to arguing the effect of the District Court Order, this court also heard argument on the underlying Petitions to Vacate and Confirm. Thereafter, this court entered an Order which stayed the Petitions pending as to MSC and Smith. This court found that the District Court Order did not affect the Petitions regarding Lex. This court denied the Lex Petition to Vacate and granted the Changs' [sic] Petition to Confirm [against] Lex. This appeal followed.

Trial Court Opinion, 11/17/10, at 1-2 (internal footnote omitted) (emphasis in original).

The trial court described the subsequent procedure in its Addendum to Opinion as follows:

> [T]he appeal was quashed [by the Superior Court] on August 2, 2011, because not all parties and claims had been disposed of and this court's Order was not final.
>
> After the appeal was quashed no further activity appeared on the docket. On December 2, 2015, this court notified Lex's counsel of the court's intention to terminate the case for lack of docket activity pursuant to [Pa.R.J.A.] 1901. Counsel was given sixty days to file a Statement of Intention to Proceed, or the case would be terminated. No Statement was filed and on February 1, 2016, the case was administratively closed.
>
> Lex . . . filed the instant appeal [on February 24, 2016,] claiming the August 25, 2010 Order became final once the case was administratively closed. The court notes that the parties have not filed a Praecipe or otherwise notified the court that the stay in the SEC action has been lifted.

Addendum to Opinion, 3/21/16, at unnumbered 2-3. We also note the record does not reflect that any party filed an application for reinstatement of this matter, as contemplated by Pa.R.J.A. 1901, and Pa.R.C.P. 230.2.

Appellant presents the following issues for our review:

> 1.     Does the failure of an Arbitration Panel to follow the very law which the Panel itself acknowledges is applicable and controlling, which results in a judgment against an individual for over $800,000.00, constitute an irregularity so as to render the Award inequitable and unconscionable, thus requiring a court to vacate the Award?
>
> 2.     In an arbitration between an investor and a broker, is the failure to follow Pennsylvania's law on contributory negligence where the Arbitration Panel has found "definitive fault" on the

part of the investor/claimant, such a fundamental irregularity leading to an unjust and unconscionable result so as to require the Court to interpose itself and vacate the Award?

Appellant's Brief at 1.

Before addressing the merits of Lex's claims, we must determine whether we have jurisdiction. "Since we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." **Gunn v. Automobile Ins. Co. of Hartford, Connecticut**, 971 A.2d 505, 508 (Pa. Super. 2009).

Of relevance to this determination is the trial court's August 26, 2010 order. It provided, in relevant part, as follows:

1) The Petition to Vacate filed by McGinn, Smith, and David L. Smith and that portion of the Petition to Confirm that applies to this entity and individual, are [] stayed pursuant [to] a Temporary Restraining Order entered in the matter of *S.E.C. v. McGinn, Smith & Co., et. al.* [1 10-CV-457 (GLS/RFT)], in the United States District Court of the Northern District of New York. These matters may be reactivated by the parties herein by praecipe indicating the Stay imposed by said Court is lifted.

2. The Petition to Confirm the Arbitration Award as to [Lex] is GRANTED and the Arbitration Award entered under *Duckkyu Chang, et. al. v. Thomas F. Lex*, No. 08-04924 is AFFIRMED. The Petition to Vacate filed by [Lex] is DENIED. The Stay previously mentioned, [sic] does not affect the actions pending against [Lex].

3. Judgment in the amount of $805,110.00 plus court [costs] and interest at the rate of six percent (6%) per annum from January 29, 2010, is hereby entered in favor of [the Changs] and against [Lex].

Trial Court Order, 8/26/10, at 1-2.

- 4 -

Pursuant to 42 Pa.C.S. § 742, this Court has jurisdiction over appeals from final orders. Rule 341 of Pennsylvania Appellate Procedure defines a "final order" as any order that, *inter alia*, "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b).

Accordingly, the trial court's August 26, 2010 order partially granting the Changs' petition to confirm the arbitration award was not a final, appealable order as it did not dispose of all parties and all claims. Thus, this Court quashed Lex's first appeal from this order.[1]

As noted, the trial court on February 1, 2016, administratively closed the case due to docket inactivity. Lex indicates in his brief that out of an abundance of caution he filed the current notice of appeal so as to ensure that his appeal rights would be preserved. Lex's Brief at 3 n.1. ("Lex recognizes that there has been no adjudication on the merits in the Common

_____

[1] This Court's Memorandum provided in relevant part as follows:

> The trial court's order did not dispose of the claims presented in favor of or against McGinn, Smith & Co., Inc. and David L. Smith. Stated differently, the trial court's order did not dispose of all claims and of all parties. Consequently, the order is not appealable as a final order.
>
> Furthermore, we can discern no other manner in which the order could be considered immediately appealable. For these reasons, we do not have jurisdiction to consider the merits of [Lex's] issues. We quash the appeal.

*McGinn, Smith & Co, Inc. v. Chang*, 2646 EDA 2010, 32 A.3d 821 (Pa. Super. filed August 2, 2011) (unpublished memorandum at 3).

Pleas Court of the Petition to Vacate and the Petition to Confirm Smith and [MSC's] portion of the original filings.").

However, as referenced by the trial court in its Addendum to Opinion, there is no indication in the certified record that the stay regarding MSC and Smith pending in federal court has been lifted. *See* Addendum to Opinion, 3/21/16, at unnumbered 2-3 ("The court notes that the parties have not filed a Praecipe or otherwise notified the court that the stay in the SEC action has been lifted."). As there is no evidence of record that the stay in federal court has been lifted, we must proceed with the understanding that the stay is still in effect. Furthermore, the trial court has not issued an order disposing of all parties and all claims, and indeed cannot if there is a pending stay in federal court.[2] We are once again constrained to conclude that the order entered August 26, 2010, is not a final, appealable order.[3] Additionally, given the information available to us in the certified record, we can discern no other manner in which the order could be considered immediately appealable. Because we lack jurisdiction to review this matter, we quash Lex's current appeal.

Appeal quashed.

---

[2] Moreover, as the record before us supports the conclusion that the federal stay is currently pending, it appears that the trial court's order administratively closing the matter due to docket inactivity was in violation of that stay.

[3] A final order "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/19/2017