J-S47029-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| J.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.C. | : | |
| | : | No. 562 WDA 2018 |
| Appellant | : | |

Appeal from the Order Entered April 10, 2018
In the Court of Common Pleas of Greene County Civil Division at No(s):
A.D. No. 587 of 2017

BEFORE:   OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    FILED OCTOBER 17, 2018

J.C. ("Mother") appeals from the order denying her preliminary objections and finding that J.P had standing to seek custody of A.C. ("Child"). Because the order from which Mother appealed is not a final order, and it is not otherwise appealable, we quash this appeal.

Mother is the biological mother of Child. Mother and J.P. were in a relationship, which began when Child was 1½ years old and ended in 2013, when Child was 7 years old. Child resides with Mother and Mother's fiancé.

On July 28, 2017, J.P. filed a custody complaint, seeking partial physical custody of Child. Mother filed preliminary objections alleging J.P. lacked standing to seek custody. The trial court held an evidentiary hearing on February 7, 2018, and, on February 12, 2018, conducted an in camera interview of Child. On April 10, 2018, the trial court found J.P. had in loco

_____
*   Retired Senior Judge assigned to the Superior Court.

parentis standing and ordered the Office of Court Administration to set the matter for a custody conference. Mother filed an appeal.[1]

Mother raises the following issues on appeal:

> 1. Did the Trial Court abuse its discretion and/or err as a matter of law in granting J.P. standing to sue Mother for custody of her child where there [is] no evidence of record to support such a ruling?
>
> 2. Did the Trial Court abuse its discretion and/or err as a matter of law by not applying the proper legal standard for determining standing in a custody case?
>
> 3. Did the Trial Court abuse its discretion and/or err as a matter of law by granting standing to J.P. when such a ruling is against the weight of the evidence?
>
> 4. Did the Trial Court abuse its discretion and/or err as a matter of law by including and considering an interview of the child as a part of its determination regarding standing?

Mother's Br. at 5 (suggested answers omitted).

We do not reach the merits of Mother's appeal because the order from which Mother appealed is not an appealable order. Because appealability goes directly to our jurisdiction, we may raise the issue sua sponte. *Moyer v. Gresh*, 904 A.2d 958, 963 (Pa.Super. 2006) (quoting *Beltran v. Piersody*, 748 A.2d 715, 717 (Pa.Super. 2000)); *K.W. v. S.L.*, 157 A.3d 498, 501 (Pa.Super. 2017) (quoting *Gunn v. Automobile Ins. Co. of Hartford Conn.*, 971 A.2d 505, 508 (Pa.Super. 2009)).

_____

[1] Mother also filed a motion for stay pending appeal, which the trial court granted.

"[A]n appeal may be taken from: (1) a final order or an order certified by the trial court as a final order (Pa.R.A.P.341); (2) an interlocutory order as of right (Pa.R.A.P.311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311; 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P.313)." Moyer, 904 A.2d at 963 (quoting Beltran, 748 A.2d at 717).

Mother asserts that the order finding J.P. had standing was appealable as a final order. See Mother's Br. at 2 (citing 42 Pa.C.S.A. § 742 (providing "[t]he Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, . . . ."); see also Response to Rule to Show Cause, filed May 10, 2018 ("Order is a final order determining standing of the Plaintiff and the case does not involve any intervener."). We disagree.

A final order is "any order that: (1) disposes of all claims and of all parties; or . . . (3) is entered as a final order pursuant to paragraph (c) of this rule." Pa.R.A.P. 341(b). An order denying a motion to dismiss a custody complaint and remanding for custody conciliation is not a final order under Rule 341(b)(1). Moyer, 904 A.2d at 963. Such an order does not "dispose of all claims," as it does "not decide the paramount issue of custody." Id. Accordingly, the order finding that J.P. had standing to seek custody and ordering a custody conference is not a final order under Rule 341(b)(1). In addition, Mother did not seek a determination of finality under Rule 341(c) from the trial court. Contrary to Mother's assertion, the order is not appealable as a final order. See Pa.R.A.P. 341.

Nor is it appealable as an interlocutory order or a collateral order. Although some interlocutory orders are appealable, this is not such an order. An order overruling preliminary objections for lack of standing is not among the interlocutory orders that may be appealed as of right, Pa.R.A.P. 311, and Mother did not seek permission to file an appeal of the interlocutory order. See Rule 312 and 1311.

Further, the order is not a collateral order. A collateral order is "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313. Here, the Mother's appeal fails the third prong of the collateral order test. Mother's rights will not be irreparably lost if review is postponed until resolution of the custody matter. See Beltran v. Piersody, 748 A.2d 715, 719 (Pa.Super. 2000) (concluding order allowing biological father to intervene in custody action between mother and former boyfriend/appellant was not a collateral order, because boyfriend's claim would not be irreparably lost).

Our decision in K.W. v. S.L., 157 A.3d 498, 504 (Pa.Super. 2017), is not to the contrary. There, we allowed a father an immediate appeal, under the collateral order doctrine, of an order granting foster parents in loco parentis standing. Id. at 504. Citing the "unique circumstances" of the case, we explained that the father's rights would be irreparably lost if review were postponed, noting that the trial court had previously entered an interim order

awarding foster parents primary physical custody of child, such that the father would lose time caring for and bonding with child. Id. at 501, 504. No such "unique circumstances" exist here, and Mother will be fully able to vindicate her rights after the lower court enters a final custody order. We do not have jurisdiction over this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/17/2018