J-S35004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAUL HARMON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORKY'S PEST CONTROL, INC. | : | |
| | : | |
| Appellant | : | No. 65 EDA 2020 |

Appeal from the Order Entered October 25, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2019-5790

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 13, 2020**

Corky's Pest Control, Inc. ("CPCI") appeals from the order that required its insurer, the Philadelphia Insurance Company ("PIC"), to appear for a deposition and produce all non-privileged documents in its file to Appellee Paul Harmon ("Mr. Harmon").  In this Court, Mr. Harmon filed multiple motions to quash the appeal.  We agree with Mr. Harmon that the trial court's order is interlocutory and therefore quash the appeal.

Mr. Harmon filed an action in San Diego, California alleging that he sustained damages to his home as a result of CPCI's pest remediation services.  In furtherance of his claims, Mr. Harmon attempted to obtain PIC's investigation file by serving subpoenas at PIC offices in California.  Per instructions he received from PIC, Mr. Harman filed in the Court of Common

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pleas of Montgomery County a praecipe for issuance of a subpoena pursuant to the Uniform Interstate Deposition and Discovery Act ("UIDDA"). *See* 42 Pa.C.S. §§ 5331-37. The subpoena sought items such as witness statements, witness contact information, phone logs, and documents sent to or from CPCI. *See* Praecipe, 3/25/19, at 9. CPCI filed an objection, baldly invoking "attorney client privilege; and/or . . . work product doctrine," as to all documents. It did not identify any particular documents or classes of documents that were attorney-client privileged or work-product protected, nor did it claim that California law was applicable to resolution of the objection. *See* Objection, 4/30/19, at 1. Various motions filed by the parties were exchanged. CPCI eventually asserted that California law governed, and offered a vague discussion of the UIDDA, but offered no specifics as to why any of the requested information was not discoverable.

On October 25, 2019, the trial court concluded "that issues of privilege or of discoverability under UIDDA or California [law] had not been properly raised or preserved," and entered an order directing PIC to appear for a deposition and "have available all of the **non-privileged documentation** in [its] investigation file." Trial Court Opinion, 1/13/20, at 7 (internal quotation marks and some emphasis omitted). On November 4, 2019, CPCI filed a notice of appeal from the October 25, 2019 order. Thereafter, both CPCI and the trial court complied with Pa.R.A.P. 1925.

In this Court, Mr. Harmon filed an application to quash, contending that this appeal is interlocutory and unappealable, and averring that it was taken in bad faith to delay the California case. CPCI responded, asserting that the order was an immediately-appealable collateral order and denying any lack of good faith on its part. This Court denied the application without prejudice for Mr. Harmon to raise the issue in his brief. After obtaining an extension of time, Mr. Harmon filed both a brief addressing the merits of the issue raised by CPCI and a second application to quash. This Court again denied the application without prejudice to raise the issue with the assigned panel. Thereafter, Mr. Harmon filed a third application to quash.

Accordingly, we begin by considering whether we have jurisdiction to adjudicate the substance of this appeal. This Court has observed that "most discovery orders are deemed interlocutory and not immediately appealable because they do not dispose of the litigation." *Veloric v. Doe*, 123 A.3d 781, 784 (Pa.Super. 2015) (cleaned up). However, "[a]n appeal may be taken as of right from a collateral order of a trial court[.]" Pa.R.A.P. 313(a). To qualify as collateral, (1) the order must be "separable from and collateral to the main cause of action," (2) "the right involved [must be] too important to be denied review," and (3) the claim must "irreparably lost" if review is postponed until the entry of a final order. Pa.R.A.P. 313(b). "Rule 313 must be interpreted narrowly, and each of the above prongs must be clearly present for an order to be considered collateral." *Red Vision Sys., Inc. v. Nat'l Real Estate*

*Info. Servs., L.P.*, 108 A.3d 54, 58 (Pa.Super. 2015) (internal quotation marks omitted).

This Court has held repeatedly that we have jurisdiction under Rule 313 if the appeal is "from a discovery order requiring the production of documents where there is a colorable claim of attorney-client privilege which made appellate review proper at [that] stage of the proceeding." *Brown v. Greyhound Lines, Inc.*, 142 A.3d 1, 7 (Pa.Super. 2016) (internal quotation marks omitted). *See also Yocabet v. UPMC Presbyterian*, 119 A.3d 1012, 1016 n.1 (Pa.Super. 2015) (collecting cases in which jurisdiction under Rule 313 was found where a party was "**ordered to produce** [to the opposing party] materials purportedly subject to a privilege" (emphasis added)).

Applying these principles to the case *sub judice*, it is clear that the trial court's October 25, 2019 order is not appealable as a collateral order. As the trial court explained:

> The order . . . made no final determination as to a right too important to be denied review that would be irreparably lost if review were postponed until after final judgment. The order denied no claim of privilege raised by [CPCI]—not that [CPCI] ever raised any specific claim of privilege tied to any specific piece or category of information that [Mr. Harmon's] subpoena sought. The order specifically limited its directive to the insurer to produce information to "non-privileged documentation." Had [CPCI] or [PIC] decided to withhold any information under a claim of privilege and [Mr. Harmon] disagreed, the parties could have brought the matter back to this court by motion to determine whether privilege existed as to that particular information under whatever state's laws the court found applicable. [CPCI's] claims of privilege stood on the same footing and were no more compromised after entry of the court's order than prior to its entry.

- 4 -

Trial Court Opinion, 1/13/20, at 12 (citation and unnecessary capitalization omitted).

We fully agree with the trial court's analysis. At this juncture, CPCI has not made more than a speculative blanket claim of privilege. Most importantly, the trial court's October 25, 2019 order did not require the production of any privileged materials, and CPCI's right to assert privilege as to any particular document or class of documents has not been extinguished.[1] Hence, this is not an appeal from a collateral order, but one from an unappealable interlocutory order. *Accord Gunn v. Auto. Ins. Co. of Hartford, Connecticut*, 971 A.2d 505, 511-12 (Pa.Super. 2009) (holding order was not immediately appealable pursuant to Rule 313 as a collateral order where the appellant "raised only a generalized concern" regarding "the potential disclosure of possibly privileged information" and the appellant would have the opportunity to properly raise claims of privilege when they ceased to be speculative). Accordingly, we grant Mr. Harmon's third application to quash.[2]

---

[1] Since the trial court did not actually overrule any claim of privilege and CPCI may return to the court to properly raise privilege under California or Pennsylvania law upon compliance with the October 25, 2019 order, we reject CPCI's alternative argument that the order was appealable as of right pursuant to Pa.R.A.P. 341 as a final order. *See* CPCI's brief at 18-19.

[2] Mr. Harmon's motion also requests entry of "sanctions and financial reimbursement as this Court sees fit." Appellee's Third Application to Quash Appeal at 21. We decline to grant any such award.

Appellee's Third Application to Quash Appeal Granted. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/20