2017 PA Super 105

| | | |
|---|---|---|
| L.J.C. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| A.W. | : | |
| | : | |
| v. | : | |
| | : | |
| C.R. | : | |
| | : | |
| Appellant | : | |
| | : | |
| D.M.W. | : | |
| | : | |
| v. | : | |
| | : | |
| A.I.W. | : | |
| | : | |
| v. | : | |
| | : | |
| C.R. | : | |
| | : | |
| Appellant | : | |
| | : | |
| C.R. | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| A.I.W. | : | |
| | : | |
| C.R. | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| A.I.W. | : | No. 1059 WDA 2016 |

Appeal from the Order June 21, 2016
In the Court of Common Pleas of Lawrence County
Civil Division at No(s):  10114 of 2013, C.A.,
10671 of 2012, C.A., 11060 of 2012, C.A.,
11491 of 2008, C.A.

BEFORE:   BOWES, OLSON, and STRASSBURGER[*], JJ.

OPINION BY OLSON, J.:                                **FILED APRIL 17, 2017**

Appellant, C.R. ("Grandfather"), appeals from the order entered June 21, 2016, in the Court of Common Pleas of Lawrence County, which denied the relief requested in his motion for reconsideration, and directed that he does not have standing to seek primary physical custody of his grandchildren, D.W.1, a female born in September 2001, D.W.2, a male born in October 2006, C.C., a male born in September 2009, and L.C., a female born in March 2012 (collectively, "the Grandchildren").  After careful review, we quash the appeal.

Grandfather is the maternal grandfather of the Grandchildren.  The Grandchildren's mother, A.I.W. ("Mother"), exercises primary physical custody of the Grandchildren, while Grandfather exercises partial physical custody.  The father of D.W.1 and D.W.2 is D.M.W., the father of L.C. is L.J.C., and the father of C.C. is M.C.[1]  Pursuant to the parties' most recent

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We advise the trial court that M.C. is a necessary party to this custody action, and that our Rules of Civil Procedure require the court to enter an order joining M.C.  **See** Pa.R.C.P. 1915.6(a)(1) ("If the court learns from the
*(Footnote Continued Next Page)*

- 2 -

custody order, entered March 19, 2015, none of these fathers maintains an award of physical custody. However, the order awards Mother and Grandfather shared legal custody of the Grandchildren, "together with the appropriate father." Order, 3/19/2015, at ¶ 5.

On November 23, 2015, D.M.W., acting *pro se*, filed a petition for modification of custody, in which he requested primary physical custody of D.W.2. Shortly thereafter, on December 31, 2015, Grandfather also filed a petition for modification of custody, in which he requested primary physical custody of all four Grandchildren. The trial court held a pre-trial conference on March 10, 2016. During the conference, Mother argued that Grandfather lacked standing to seek primary physical custody of the Grandchildren. N.T., 3/10/2016, at 6. Grandfather argued, *inter alia*, that he had standing to seek primary physical custody pursuant to 23 Pa.C.S.A. § 5324(3)(iii)(B), because the Grandchildren were at risk due to parental abuse or neglect. N.T., 3/10/2016, at 22-29. In order to address Grandfather's concerns, the court, on March 10, 2016, entered an order directing the Grandchildren's guardian *ad litem* to conduct an investigation and issue a report within ninety days. The order provided that the court would schedule a custody hearing after receiving the guardian *ad litem*'s report.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

pleadings or any other source that a parent whose parental rights have not been previously terminated . . . is not a party to the action, it shall order that the person be joined as a party.").

Grandfather filed a motion for reconsideration on April 6, 2016, which the trial court granted that same day. On May 6, 2016, Mother filed a motion for reconsideration of the order granting Grandfather's motion for reconsideration. On June 21, 2016, the court entered the order complained of on appeal, in which it denied the relief requested in Grandfather's motion for reconsideration, and concluded that Grandfather does not have standing to seek primary physical custody of the Grandchildren. The order also denied the relief requested in Mother's motion for reconsideration. Grandfather timely filed a notice of appeal on July 20, 2016. The court ordered Grandfather to file a concise statement of errors complained of on appeal, and Grandfather timely complied on August 16, 2016.[2]

Grandfather now raises the following issue for our review: "Whether the trial court erred in finding that [] [G]randfather lacks standing to pursue custody of Grandchildren[?]" Grandfather's Brief at 8 (unnecessary capitalization omitted).

Before reaching the merits of Grandfather's issue, we initially consider whether the June 21, 2016 order was appealable. "'[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine,

---

[2] Grandfather violated Pa.R.A.P. 1925(a)(2)(i) by failing to file a concise statement of errors complained of on appeal at the same time as his notice of appeal. We have, however, accepted Grandfather's concise statement pursuant to **In re K.T.E.L.**, 983 A.2d 745, 748 (Pa. Super. 2009) (holding that the appellant's failure to comply strictly with Pa.R.A.P. 1925(a)(2)(i) did not warrant waiver of her claims, as there was no prejudice to any party).

*sua sponte* when necessary, whether the appeal is taken from an appealable order.'" ***Gunn v. Automobile Ins. Co. of Hartford, Connecticut***, 971 A.2d 505, 508 (Pa. Super. 2009), *quoting* ***Kulp v. Hrivnak***, 765 A.2d 796, 798 (Pa. Super. 2000).

It is well-settled that, "[a]n appeal lies only from a final order, unless permitted by rule or statute." ***Stewart v. Foxworth***, 65 A.3d 468, 471 (Pa. Super. 2013). Generally, a final order is one that disposes of all claims and all parties. ***See*** Pa.R.A.P. 341(b). "[A] custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." ***G.B. v. M.M.B.***, 670 A.2d 714, 720 (Pa. Super. 1996).

Here, our review of the record confirms that the June 21, 2016 order is not final. At the time the trial court entered this order, the petition to modify custody filed by D.M.W. remained pending and was unaddressed by the court's directive. In addition, although the court concluded that Grandfather could not seek primary physical custody of the Grandchildren, it did not indicate that it was denying or dismissing Grandfather's petition to modify. The court concluded that Grandfather retains the ability to seek partial physical custody, and it is not clear if Grandfather intends to pursue an expanded award of partial physical custody *in lieu* of primary physical custody. Thus, we conclude that the court has not completed its hearings on

- 5 -

the merits, and that the June 21, 2016 order was not intended to completely resolve the custody claims pending between the parties.[3]

Additionally, we observe that the June 21, 2016 order is not appealable pursuant to the collateral order doctrine. *See* Pa.R.A.P. 313(a) (providing that an appeal may be taken as of right from a collateral order of a lower court). "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Here, the challenged order fails to meet the third prong of the collateral order doctrine, as Grandfather's claim will not be irreparably lost if we postpone review of this matter until the entry of a final order. Since the trial court did not dismiss Grandfather's petition to modify and, furthermore, concluded that he retained the right to seek partial physical custody, Grandfather will be able to lodge an appeal once a final custody order is

---

[3] Among other claims, Grandfather argues that the trial court erred or abused its discretion in failing to consider the mechanism set in place for the guardian *ad litem* to investigate the existence of abuse or neglect on Mother's part. We reject this contention for two reasons. First, this claim is largely irrelevant to the issue of whether Grandfather challenges a final order in the context of this appeal. Instead, this claim can be raised after a trial when a final order addressing all claims against all parties has been entered. In addition, our review of the certified record shows that, given the extensive history of litigation between the parties in this case, the trial court appears to be quite familiar with the facts, the parties, and the claims raised in this matter.

entered. At that time, he may challenge the trial court's determination that he lacks standing to pursue primary physical custody, as well as any other rulings he deems to be in error.

Accordingly, we hold that the June 21, 2016 order is not a final order, nor is it appealable as a collateral order.[4] As we are without jurisdiction to address this order, Grandfather's appeal must be quashed.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/17/2017

---

[4] We observe also that the order is not an interlocutory order appealable as of right, pursuant to Pa.R.A.P. 311, and that Grandfather did not attempt to bring this appeal before this Court as an interlocutory appeal by permission pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S.A. § 702.