WILLIAMSON, J.,
This matter comes before us on a motion to sever and stay discovery on plaintiffs’ bad faith claims, filed by Mutual Benefit Insurance Company (hereafter “defendant”) on December 23,2014, from the underlying underinsured and uninsured motorist claims. On January 2, 2015, Vivian and Aaron Kemp (hereafter “plaintiffs”) filed plaintiffs’ brief in opposition to defendant’s motion to sever and stay discovery on plaintiffs’ bad faith claims.
BACKGROUND
On June 28, 2010, Vivian Kemp (hereafter “plaintiff’) allegedly sustained injuries resulting from a motor vehicle *236 accident on Interstate Route 80 in Allamuchy Township, New Jersey. Plaintiff was operating a 2008 Dodge Durango which involved the collision of multiple vehicles. Plaintiff states that a vehicle operated by Susan Lothian, which was traveling behind plaintiffs’ vehicle, was struck by a phantom vehicle, causing it to collide with a vehicle operated by Mickesha Guevara and plaintiffs’ vehicle, which resulted in plaintiffs’ serious injuries, losses, and damages.
At the time of this motor vehicle collision, plaintiffs were covered by an automobile insurance policy issued by defendant. This policy provided full tort coverage as well as uninsured and underinsured motorist coverage in the amounts of $250,000 per person and $500,000 per accident respectively. At the time of the accident, Susan Lothian was covered by a policy of automobile insurance, issued by GEICO, which provided bodily injury liability coverage of $15,000 per person and/or $30,000 per accident. GEICO has paid the plaintiffs the bodily injury limit of $30,000. The two other drivers of the vehicles involved in this collision could not be located. Plaintiffs allege that the damages to the plaintiff resulting from this accident far exceed this third-party liability coverage provided by GEICO.
Plaintiffs allege that their previous attorney sent notice to defendant on November 14, 2012, about the pending resolution of their third-party liability claim against Susan Lothian and plaintiffs’ intention to pursue claims against defendant under the plaintiffs’ policy. Plaintiffs state that on January 3, 2012, they provided defendant with a Longworth Letter. Plaintiffs allege that on February 27, 2013, Susan Romano sent a letter to them stating that defendant’s counsel would be contacting plaintiffs to set up an examination of plaintiff under oath and an independent medical examination. After resolving a personal jurisdiction issue in New Jersey, present counsel *237 for the plaintiffs made formal demand for payment of uninsured and/or underinsured motorist benefits to counsel for defendant on December 17, 2013. Plaintiffs believe that it is due to bad faith that neither the defendant nor their counsel requested a statement under oath, a medical examination, and/or a request for additional medical records during the period from February 27,2012 through December 17, 2013.
DISCUSSION
Plaintiffs’ underlying complaint sets forth three counts. The first count seeks recovery of underinsured motorist benefits from defendant. The second count seeks recovery of uninsured motorist benefits from defendant. The third count seeks recovery of bad faith damages, under the Pennsylvania Bad Faith Statute, 42 PA.C.S.A. § 8371. Defendants’ present motion seeks to sever the bad faith claims from the contractual claims, along with seeking to stay discoveiy on the bad faith claims until the resolution of the contractual claims.
First, we will address the issue of whether to sever the bad faith claims from the contractual claims. The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues. Pa. R.C.P. No. 213 (b). The court should base it’s decision on a case-by-case basis.
In Orsulak v. Penn National, this court stated: “Evidence put forth in the bad faith claim for the court to consider would likely confuse the jury and its role in the proceedings. Certain information disclosed for purposes of the bad faith claim could also prejudice the jury against [the defendant].” Orsulak v. Penn National, No. 4255- *238 CV-2011 (C.P. Monroe Co. Jan. 14, 2013, Williamson, J.). In support of severance, the defendant cites a federal court case from the Western District of Pennsylvania that denied a defense motion to bifurcate breach of contract and bad faith claims in an underinsured motorist action. See Craker v. State Farm Mutual Auto Ins. Co., 2012 WL 3204214 (W.D. PA 2012). In Craker, a case with persuasive authority only, the court determined that the only issue in dispute was the valuation of the claim, which was relevant to both the breach of contract and bad faith claims. Id. Ultimately, the court in Craker determined the prejudice presented did not outweigh the expediency of hearing the matters together, especially due to the overlap of issues and evidence. Id. We note this issue remains unresolved in Pennsylvania with no appellate authority and a split by many Courts of Common Pleas of whether to grant bifurcation or not.
As in Orsulak and Craker, this case involves a motion to sever bad faith claims against an insurance company from contractual claims against that insurance company. We find the defendant in this case would be prejudiced by joining the bad faith claims with the contractual claims during the trial. There may be information that is relevant to the bad faith claim that is not relevant to the contractual claims which would prejudice defendant in the eyes of the jury. There is no indication at this time that the need for judicial economy outweighs the prejudice, or that all issues are resolved except the valuation of plaintiffs injuries as cited in Craker. Furthermore, for the reasons set forth in our prior decision in Orsulak, supra., we will grant the motion to sever the bad faith claim in this matter.
Next, the defendant argues that this court should stay discovery with respect to the bad faith claims pending resolution of the contractual claims. The defendant argues that, if the defendant is required to produce and *239 disclose information concerning its handling of plaintiffs’ contractual claims at the same time that it is defending the contractual claims, the ability of defendant to litigate and defend the contractual claims will be irreparably harmed.
In Gunn v. Automobile Ins. Co. of Hartford, CT, the Superior Court of Pennsylvania stated:
“’[The] trial court order, denying automobile insurer’s motion to stay insured’s bad faith claim and preclude discovery pertaining only to that claim until resolution of insured’s breach of contract claim, did not implicate a right deeply rooted in public policy so as to warrant immediate appellate review as collateral order in action arising from insurer’s nonpayment of underinsured motorist (UIM) benefits; insurer’s concerns that courts and parties would be required to engage in protracted discovery and preparation for litigation that might prove unnecessary did not outweigh countervailing interests of avoiding piecemeal litigation or delay.”
Gunn v. Auto. Ins. Co. of Hartford, Connecticut, 2009 PA Super 70, 971 A.2d 505 (2009).
In Orsulak v. Penn National, this court granted the defendants’ motion to sever the bad faith claim from the contractual insurance claims, but denied the defendants’ motion to stay discovery on the bad faith claim pending resolution of the contractual claims. Orsulak v. Penn National, supra. The reasoning was that staying all discovery with respect to the bad faith claim would cause unnecessary delay and there were better measures the court could take to avoid prejudice during the discovery process once prejudice was shown. Id. See also Cocuzza v. Castro, No. 406 Civil 2012 (C.P. Monroe Co., July 12, 2012, Zulick, J.) (Court denied preliminary objections and allowed case to remain consolidated until discovery was completed).
*240 Similarly, in this case, staying discovery on the bad faith claims until after the resolution of the contractual claims would unfairly delay a conclusion of all proceedings. Staying discovery on the bad faith claims would cause unnecessary delay and there are more efficient measures this court can use to protect the defendant from prejudice while not ordering a blanket freeze on all discovery with respect to the bad faith claims.
At this time in the litigation, the defendant has failed to demonstrate any actual prejudice to dual discovery. If actual prejudice can be shown as the discovery process continues, this court can always bar certain discovery as it pertains to the bad faith claims until the resolution of the contractual claims. As in Gunn and Orsulak, the defendant’s concerns regarding protected discovery when it comes to the bad faith claims do not outweigh the countervailing interests of avoiding piecemeal litigation or delay by staying all discovery with respect to the bad faith claims pending resolution of the contractual claims.
Therefore, defendant’s motion to sever the bad faith claims from the contractual claims is granted; however, defendant’s motion to stay discovery with respect to the bad faith claims pending resolution of the contractual claims, is denied.
ORDER
And now, this 14th day of January 2015, upon motion of defendant mutual benefit insurance company to sever and stay discovery on plaintiffs’ bad faith claims, it is ordered and decreed as follows:
1. Defendant’s motion to sever plaintiffs’ bad faith claims is granted.
2. Defendant’s motion to stay discovery on plaintiffs’ bad faith claims is denied.