J-A09011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| N.S.G. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| C.L.O. | |
| Appellee | No. 1093 MDA 2016 |

Appeal from the Order Entered June 10, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2011-CV-4775-CU

BEFORE: SHOGAN, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                                   **FILED JUNE 05, 2017**

N.S.G. ("Father") appeals *pro se* from the June 10, 2016 order denying his emergency petition for special relief. Upon careful review, we quash the appeal.

On June 10, 2016, Father filed an emergency petition for special relief requesting that his then five-year-old daughter, E.G. ("Child"), be returned from the home of her maternal grandparents in East Stroudsburg, Pennsylvania, where she was staying overnight from June 6, 2016, to June 11, 2016, to the home of C.L.O. ("Mother"). Further, Father requested that if Mother "is unable to fulfill her custodial obligations that [he] be granted physical custody of [Child] [until] [Mother] is able to fulfill her custodial obligations." Emergency Petition for Special Relief, 6/10/16, at 2 (unpaginated).

By order dated and entered on June 10, 2016, the trial court denied Father's petition without an evidentiary hearing. Father timely filed *pro se* a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i) and (b).

On appeal, Father presents one issue for our review, as follows:

1. Did the trial court abuse its discretion by denying Father's emergency petition for special relief asking that his minor daughter be brought back to Dauphin County and placed in his care [until] [M]other was able to resume physical custody of the child? This petition was caused by Mother voluntarily relinquishing physical custody of the parties' minor child for weeks at a time to people who have been granted no physical custody of the parties' minor child and causing parties' minor child to relocate from her house in Dauphin County to a location in East Stroudsburg, Pennsylvania which is two hours away by road for such period.

Father's brief at 6.

Before reaching the merits of Father's issue, we must first consider whether the June 10, 2016 order was appealable. "'[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.'" ***Gunn v. Automobile Ins. Co. of Hartford, Connecticut***, 971 A.2d 505, 508 (Pa. Super. 2009) (quoting ***Kulp v. Hrivnak***, 765 A.2d 796, 798 (Pa. Super. 2000)).

"An appeal lies only from a final order, unless permitted by rule or statute." ***Stewart v. Foxworth***, 65 A.3d 468, 471 (Pa. Super. 2013). Generally, a final order is one that disposes of all claims and all parties. ***See***

Pa.R.A.P. 341(b). "[A] custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." *G.B. v. M.M.B.*, 670 A.2d 714, 720 (Pa. Super. 1996).

Instantly, after careful review, we conclude that the trial court did not enter the June 10, 2016 order after completing its custody hearing on the merits, and the order was not intended to completely resolve the custody claims pending between the parties. The certified docket reveals that Father filed petitions for modification of the existing custody order on April 10, 2015, and July 28, 2015, and those petitions remain pending. When the custody hearing occurs, Father may raise any issue related to Child spending overnights somewhere other than her primary residence. As such, we conclude that the subject order is not final.

In addition, we observe that the June 10, 2016 order is not appealable pursuant to the collateral order doctrine. *See* Pa.R.A.P. 313(a) (providing that an appeal may be taken as of right from a collateral order of the lower court). "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). In this case, the order does not meet the second and third prongs

of the collateral order doctrine. Father's assertion that Child was overnight with her maternal grandparents in East Stroudsburg, Pennsylvania, from June 6 through June 11, 2016, is not too important to be denied review at this juncture. Further, Father's claim related to Child spending overnights with her maternal grandparents in East Stroudsburg, Pennsylvania, will not be irreparably lost.

Accordingly, we hold that the June 10, 2016 order is not a final order, nor is it appealable as a collateral order.[1] Because we are without jurisdiction to address this order, Father's appeal must be quashed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2017

---

[1] We also observe that the order is not an interlocutory order appealable as of right, pursuant to Pa.R.A.P. 311, and that Father did not attempt to bring this appeal before this Court as an interlocutory appeal by permission pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S.A. § 702.