J-S31030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHRISTIAN E. STEPIEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SUZANNE M. DIAZ F/K/A SUZANNE | : | No. 834 EDA 2024 |
| M. STEPIEN | : | |

Appeal from the Order Entered February 23, 2024
In the Court of Common Pleas of Carbon County Civil Division at No(s):
15-1186

BEFORE:  BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED NOVEMBER 8, 2024**

Christian E. Stepien ("Father") appeals from the order entered during a custody dispute between Father and Suzanne M. Diaz, f/k/a Susanne M. Stepien ("Mother"), which denied Father's petition to sanction Mother and her counsel. In this Court, Mother filed an application to dismiss the appeal. We grant the application and quash the appeal as interlocutory.

The trial court summarized the facts and procedural history as follows:

> This case has a long history of animosity between the parties. This latest appeal results from the filing of a [m]otion for [s]anctions by [Father] against both [Mother] and her attorney, Robert Frycklund, Esquire. This motion sought the imposition of a sanction in the amount of $8,992.50 from a failed appeal to the Superior Court by [Mother] along with an additional $1,500.00 in counsel fees as a result of [Father] filing the instant [m]otion for [s]anctions.
>
> On December, 22, 2022, the [Superior] Court denied [Mother's] appeal from a decision we issued pertaining to

an order directing her to reimburse [Father] for "unnecessary expended attorney fees." Thereafter, [Mother] sought *en banc* review which was also denied.

In its decision, the Superior Court denied [Mother's] appeal as being without merit.

On August 16, 2023, [Father] filed a [m]otion for [s]anctions against both [Mother] and her attorney, Robert Frycklund, Esquire. In that motion[, Father] contended that the conduct of [Mother] in filing that appeal was "dilatory, obdurate or vexatious[,]"[] and that pursuant to 42 Pa.C.S.A. § 2503 and 23 Pa.C.S.A. § 5339, he should be awarded attorney fees, $ 8,992.50 for the attorney fees incurred in the appellate process and $ 1,500.00 in attorney fees for bringing the instant motion.

A hearing was held and both parties submitted post-hearing briefs/memorandums of law. Thereafter, this [c]ourt denied [Father's] motion by Order dated February 22, 2024.

On March 11, 2024, [Father] filed this instant appeal.

Trial Court Opinion, filed 4/9/24, at 1-2 (footnote omitted).

Father raises the following issues:

1. Whether the trial court's February 22, 2024 order was a final order for purposes of appeal?

2. Whether the trial court committed an error of law and/or abuse of discretion by denying [Father's] motion for sanctions, pursuant to 42 Pa.C.S.A. § 2503 [against Mother] and her counsel, where [Mother] filed a meritless appeal over a difference of two hundred dollars between two sanction orders, and where this Honorable Superior Court described [Mother's] initial appeal as "disingenuous" (1179 EDA 2022 appeal opinion p. 7), lacking "citations to authority" (1179 EDA 2022 appeal opinion p. 9), "not persuasive" (1179 EDA 2022 appeal opinion p. 9) and that all of [Mother's] arguments have "no merit" (1179 EDA 2022 p. 7,9, and 10)?

3. Whether the trial court committed an error of law and/or abuse of discretion by denying [Father's] motion for sanctions, pursuant to 23 Pa.C.S.A. § 5339 [against Mother] and her counsel, where [Mother] filed a meritless appeal over a difference of two hundred dollars between two sanction orders, and where this Honorable Superior Court described [Mother's] initial appeal as "disingenuous" (1179 EDA 2022 appeal opinion p. 7), lacking "citations to authority" (1179 EDA 2022 appeal opinion p. 9), "not persuasive" (1179 EDA 2022 appeal opinion p. 9) and that all of [Mother's] arguments have "no merit" (1179 EDA 2022 p. 7,9, and 10)?

4. Whether [Father] did not waive his claims for fees, as Pa.R.A.P.[]2744 does not require that [Father] file his request at the Superior Court?

Father's Br. at 1-2 (suggested answers omitted).

Before reaching the merits of Father's appeal, we must first consider whether this matter is properly before us. "[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." *Gunn v. Auto. Ins. Co. of Hartford, Conn.*, 971 A.2d 505, 508 (Pa.Super. 2009) (citation omitted). "An appeal lies only from a final order, unless permitted by rule or statute." *Stewart v. Foxworth*, 65 A.3d 468, 471 (Pa.Super. 2013). Generally, a final order is one that disposes of all claims and all parties. *See* Pa.R.A.P. 341(b). In custody matters, an order is final and appealable "only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." *G.B. v. M.M.B.*, 670 A.2d 714, 720 (Pa.Super. 1996) (*en banc*) (footnotes omitted).

Here, the order denying Father's motion for sanctions is not a final order or otherwise appealable. The order merely denied Father's motion for sanctions in the parties' ongoing custody matter. The order does not end the litigation or dispose of the entire case. The order even states that a hearing on another motion filed by Father was scheduled for May 22, 2024.[1] **See** Order, 2/22/24, at 1 n.1. Thus, there were still outstanding claims in the proceeding at the time the subject order was issued. Accordingly, we are without jurisdiction to address Father's claims and we must quash the appeal.

Appeal quashed. Application to dismiss appeal granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/8/2024

---

[1] Mother points out that the hearing on that motion was continued to August 14, 2024. **See** Mother's Application to Dismiss Appeal, at ¶ 8, Ex. A (citing Order, 5/22/24).